[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 354.]

THE STATE EX REL. WEST, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE, ET AL.

[Cite as *State ex rel. West v. Indus. Comm.*, 1996-Ohio-145.]

*Workers' compensation—Industrial Commission's denial of permanent total disability compensation not an abuse of discretion when commission's decision is supported by "some evidence."*

(No. 94-1249—Submitted November 14, 1995—Decided January 17, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 93AP-507.

———————————

{¶ 1} Appellant-claimant, Thomas R. West, was injured in the course of and arising from his employment with Diamond International Corporation. In 1990, he applied to appellee Industrial Commission for permanent total disability compensation. Among other information sought, the application form posed three questions to applicant: (1) "Can you read?" (2) "Can you write?" and (3) "Can you do basic math?" Given a choice of "Yes," "No," and "Not well," claimant selected the third response to all three queries.

{¶ 2} Dr. Raul Florez assessed claimant and found him to be permanently and totally disabled. Dr. Arnold R. Penix reported a forty-five percent permanent partial impairment, concluding:

"Rehabilitation Potential: Considering the percentage of impairment, the claimant is medically stable to participate in rehabilitation services at this time at a sedentary to light duty activity level. No new diagnostic tests are required. Programs which would assist the claimant in returning to sustained remunerative employment would be pain and stress management, general rehabilitation and vocational evaluation. Sedentary to light duty employment is appropriate for the claimant at this time."

**{¶ 3}** In a vocational evaluation, clinical psychologist George E. Parsons stated:

"Results of the current evaluation indicate that not only is the client incapable of returning to any form of employment requiring gross or fine motor skills, in addition he is functionally illiterate, has neurologic deficits indicating organic impairment, and additionally suffers from an Agitated Depression and Dependent Personality Disorder with Schizotypal Features which preclude the client from being retrained to a sedentary position.

"It is my professional opinion that the client is permanently and totally impaired from engaging in any form of remunerative employment. ***"

**{¶ 4}** After an initial "remand" pursuant to *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St. 3d 203, 567 N.E.2d 245, the commission issued a second order denying permanent total disability benefits:

"The medical report(s) of Dr.(s) Flores [*sic*, Florez], Penix and Parsons were reviewed and evaluated. The findings and order are based particularly on the medical report(s) of Dr.(s) Penix, the evidence in the file and the evidence adduced at hearing.

"Treatment of the allowed conditions has been conservative since 1985. Dr. Penix states the claimant is physically capable of light work when considering the allowed conditions. Therefore, he would still be capable of fairly physical activity. The claimant is 59, has a 6th grade education and has worked as a dishwasher, laborer, maintenance man and part-time truck driver. These factors are found to impact on the physical findings as follows.

"The claimant has a 6th grade education. Although he indicates he can not read, write or do basic math well, he can do them. Since he can still do light physical work it appears he would still be able to do fairly physical work requiring minimal retraining and educational skills. Since he can read, write and do basic math, even though not well, it appears he has the skills to do the minimal amount

of retraining if such were required. Further, his prior work as a truck driver indicates he retains the transferable skills of driving, something which Dr. Penix does not rule out physically. Finally, at age 59 he still has time in which to retrain if such were necessary. Based on all these factors it is found the claimant is capable of sustained gainful work and permanent and total disability is denied.

"The report of Dr. Parsons is not found to be some evidence in support of permanent and total disability as his opinion is based in part on the nonallowed conditions of depression and dependent personality disorder with schizotypal features. For this reason also his report is not found persuasive."

{¶ 5} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in denying permanent total disability. The court of appeals disagreed, finding "some evidence" supporting the commission's decision, and denied the writ.

{¶ 6} This cause is now before this court upon an appeal as of right.

———————————

*Finkelmeier & Finkelmeier* and *William I. Farrell*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Charles Zamora*, Assistant Attorney General, for appellee.

———————————

***Per Curiam.***

{¶ 7} Claimant seeks to compel permanent total disability compensation pursuant to *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E. 2d 666. The commission wants its order upheld. For the reasons to follow, we find in favor of the commission.

{¶ 8} *Gay* relief cannot be considered without a preliminary finding that *Noll, supra*, has not been satisfied. *State ex rel. Sebestyen v. Indus. Comm.* (1994), 71 Ohio St.3d 36, 38, 641 N.E.2d 197, 199. Asserting such noncompliance, claimant objects to the reasoning underlying the commission's denial--that

claimant's limited academic skills do not preclude retraining for work within his physical restrictions.

{¶ 9} Claimant's argument hinges largely on Parsons' assessment of functional illiteracy—a conclusion with which the commission disagreed. So long as that conclusion is supported by "some evidence," the presence of contrary evidence is immaterial. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. In this case, claimant was asked whether he could read, write and do basic math. Three alternative responses were listed— "Yes," "No," and "Not well." Claimant chose the third response in each case.

{¶ 10} Claimant argues that "Not well" must be interpreted as evidence that claimant possesses no transferable skills in these areas. This is incorrect. The commission is exclusively responsible for evaluating and interpreting evidence. *Burley.* It was the commission's prerogative to conclude that because claimant could have denied any ability in these areas and did not, claimant possessed some minimal competency in these subjects. Claimant's self-assessment, therefore, constitutes "some evidence" supporting the commission's determination that claimant possessed basic abilities in these areas.

{¶ 11} In denying permanent total disability compensation, the commission found that claimant's physical abilities permitted retraining for work that did not require extensive academic skills. It further found that claimant's minimal skills were not an impediment to retraining, and explained how it reached that conclusion. The order, therefore, minimally satisfies *Noll* and will not be disturbed.

{¶ 12} The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

———————————