[Cite as *State ex rel. Tchankpa v. Indus. Comm.*, 2024-Ohio-93.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Kassi Tchankpa, | : | |
| Relator, | : | No. 20AP-259 |
| v. | : | (REGULAR CALENDAR) |
| Industrial Commission of Ohio et al., | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on January 11, 2024

**On brief**: *Kassi Tchankpa*, pro se.

**On brief**: *Dave Yost*, Attorney General, and *Natalie J. Tackett*, for respondent Industrial Commission of Ohio.

**On brief**: *Robert Myers Law Offices, LLC*, and *Robert W. Myers*, for respondent Ascena Retail Group, Inc.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

JAMISON, J.

{¶ 1} Relator, Kassi Tchankpa, has filed this original action requesting this court to issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate an order mailed October 7, 2014 disallowing temporary total disability ("TTD") compensation and an order mailed May 28, 2021 refusing an appeal of a decision denying continuing jurisdiction.

{¶ 2} We referred this matter to a magistrate of this court pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court deny

the writ of mandamus because Tchankpa had an adequate remedy at law through a R.C. 4123.512 appeal and there is no legal right to invoke the continuing jurisdiction of R.C. 4123.52(A).

{¶ 3} Tchankpa has filed the following eight objections to the magistrate's decision. The commission filed a memorandum in response to Tchankpa's objections.

> **Objection 1**: The magistrate erred in findings of fact when he disregarded relator's stipulation of evidence filed with the court stating that relator did not file an affidavit in support of his submission.
>
> **Objection 2**: The magistrate erred in findings of fact and conclusions of law when he concluded that the order of the Ohio Industrial Commission in its compliance letter dated November 9, 2013, did not constitute a final order allowing relator's claim or, indeed any allowance of relator's claim whatsoever.
>
> **Objection 3**: The magistrate erred in findings of fact and conclusions of law when he disregarded the facts and laws pertaining to Ascena's failure to invoke the continuing jurisdiction under R.C. 4123.52 and the commission's failure to invoke the continuing jurisdiction under R.C. 4123.52, in 2014.
>
> **Objection 4**: The magistrate erred in findings of fact and conclusions of law when he disregarded Ascena's C-86 motion used in Ascena's appeal process to conclude that Ascena properly appealed the DHO's order of July 3, 2014.
>
> **Objection 5**: The magistrate erred in findings of fact and conclusions of law when he concluded that Ascena properly appealed the District Hearing Officer's order of July 3, 2014.
>
> **Objection 6**: The magistrate erred in findings of fact and conclusions of law when he stated that relator admits Ascena ceased paying compensation on August 18, 2014.
>
> **Objection 7**: The magistrate erred when he concluded that the unlawful administrative processes and/or procedures employed by the commission in the adjudication of all of the issues in relator's claims in 2014 are right-to-participate issues that cannot be challenged in mandamus.

> **Objection 8**: The magistrate erred in findings of fact and conclusions of law when he stated that relator filed his motion seeking continuing jurisdiction more than five years after the last payment of compensation and concluded that temporal limitations bars the commission from exercising continuing jurisdiction under R.C. 4123.52(A).

**{¶ 4}** To be entitled to relief in mandamus, Tchankpa must establish a clear legal right to the relief, that the commission has a clear legal duty to provide such relief, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Alhamarshah v. Indus. Comm.*, 142 Ohio St.3d 524, 2015-Ohio-1357, ¶ 11.

**{¶ 5}** This court will not find an abuse of discretion by the commission if there is "some evidence" to support the commission's findings. *State ex rel. Barnett v. Indus. Comm.*, 10th Dist. No. 14AP-628, 2015-Ohio-3898, ¶ 9. " '[T]he commission is in the best position to determine the weight and credibility of the evidence and disputed facts.' " *State ex rel. Block v. Indus. Comm.*, 10th Dist. No. 20AP-137, 2022-Ohio-4474, ¶ 4, quoting *State ex rel. Woolum v. Indus. Comm.*, 10th Dist. No. 02AP-780, 2003-Ohio-3336, ¶ 4.

**{¶ 6}** In Tchankpa's first objection, he contends the magistrate erred in disregarding Tchankpa's stipulation of evidence. Tchankpa filed a stipulation of evidence without first seeking approval with respondent on May 4, 2022, forcing respondent to file a certified record. The relevant information was properly in the record, and the magistrate was free to use that information. There is no showing that any relevant evidence was ignored by the magistrate. Tchankpa's first objection is overruled.

**{¶ 7}** In Tchankpa's second objection, he asserts the magistrate erred in finding that the November 9, 2013 compliance letter was not a final order allowing a claim. The letter is the commission's response to respondent Ascena Retail Group, Inc. ("Ascena")'s request to suspend the claim because Tchankpa had not provided a signed medical release. Tchankpa provided the release, and the commission issued the letter with the sole purpose to deny the request. The commission did not conduct a hearing on the allowance of Tchankpa's claim until July 1, 2014.

**{¶ 8}** The compliance letter is clear and unambiguous. It does not allow a claim. Tchankpa's second objection is overruled.

{¶ 9}  Tchankpa's third and fourth objections are similar and shall be discussed together.  Tchankpa asserts the magistrate erred in finding that Ascena did not invoke the commission's continuing jurisdiction by filing a motion and that the magistrate improperly found that Ascena used the motion to appeal the July 3, 2014 commission district hearing officer ("DHO") order.

{¶ 10} There was no attempt to invoke continuing jurisdiction pursuant to R.C. 4123.52.  Ascena filed a C-86 motion after settlement negotiations stalled and Tchankpa had terminated his counsel, requesting a hearing be set before a commission staff hearing officer ("SHO") on the allowance of the claim.  Ascena had properly appealed the DHO order, and the motion was not an appeal.

{¶ 11} Tchankpa's third and fourth objections are overruled.

{¶ 12} Tchankpa next asserts as his fifth objection that the magistrate erred when he determined Tchankpa properly appealed the July 3, 2014 DHO order.  Tchankpa argues that although the appeal was timely, the hearing was held outside the statutorily mandated 45-day period.

{¶ 13} However, Tchankpa ignores the joint request for a continuance by counsel. The grant or denial of a continuance is entrusted to the broad discretion of the commission. *State ex rel. Gen. Dynamics Land Sys., Inc. v. Morris*, 10th Dist. No. 08AP-509, 2009-Ohio-1266.

{¶ 14} Tchankpa cites no error in the appeal of the DHO order.  His fifth objection is overruled.

{¶ 15} In Tchankpa's sixth objection, he contends the magistrate erred when he stated Tchankpa admitted Ascena stopped paying compensation on August 18, 2014. However, based on information received in the discovery process, Tchankpa declares that Ascena paid him TTD compensation and "then unilaterally stopped the payment for NO just cause, on August 18, 2014." (Emphasis sic and omitted.) (Tchankpa's Am. Brief at 15.)

{¶ 16} The record is clear that although the DHO allowed the claim, the SHO disallowed the claim and on October 7, 2014, the commission refused to hear an appeal. No TTD compensation was paid after that date.

{¶ 17} Tchankpa filed an appeal to the common pleas court, but then dismissed the action pursuant to Civ.R. 41. Tchankpa had one year in which to refile the action under R.C. 2305.19(A), the savings statute, but failed to do so. As a result, he is barred from any attempt to demonstrate a right to participate in the workers' compensation scheme and challenge the October 7, 2014 order. Mandamus is not a proper remedy to challenge a right to participate matter.

{¶ 18} Tchankpa's sixth objection is overruled.

{¶ 19} In Tchankpa's seventh objection, he argues the magistrate erred in determining the matters before the commission were right to participate matters that cannot be challenged in mandamus. As stated above, Tchankpa's right to participate was determined when he failed to refile his action in the common pleas court within one year. Because his only avenue for relief is foreclosed, the SHO order disallowing the claim stands as a final order.

{¶ 20} While extent of disability matters are a proper subject for mandamus, Tchankpa needs an allowed claim to address extent of disability. Mandamus is not proper.

{¶ 21} Tchankpa's seventh objection is overruled.

{¶ 22} Tchankpa finally contends the commission maintains continuing jurisdiction because the date of last compensation used by the magistrate and commission is inaccurate. Tchankpa believes the last date of payment should either be June 30, 2021 or March 23, 2022.

{¶ 23} "Continuing jurisdiction is not unlimited." *State ex rel. Woodline Prods., Inc. v. Dyson*, 10th Dist. No. 02AP-397, 2002-Ohio-6561, ¶ 4. R.C. 4123.52(A) provides that the commission has jurisdiction in a claim for five years from the last payment.

{¶ 24} The date of last payment of TTD compensation was August 14, 2014 and Tchankpa's action was filed June 26, 2020. The temporal limits of the commission's continuing jurisdiction have been reached.

{¶ 25} Tchankpa's eighth objection is overruled.

{¶ 26} On review of the magistrate's decision, an independent review of the record pursuant to Civ.R. 53, and consideration of Tchankpa's objections, we find the magistrate has properly determined the facts and correctly applied the relevant law. Accordingly, we

adopt the magistrate's decision as our own, overrule Tchankpa's eight objections, and deny the request for a writ of mandamus.

*Objections overruled*;
*writ of mandamus denied.*

DORRIAN and BOGGS, JJ., concur.

———————————

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Kassi Tchankpa, | : | |
| Relator, | : | |
| v. | : | No. 20AP-259 |
| Industrial Commission of Ohio et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on May 16, 2023

---

*Kassi Tchankpa,* pro se.

*Dave Yost*, Attorney General, and *Natalie J. Tackett*, for respondent Industrial Commission of Ohio.

*Robert Myers Law Offices, LLC*, and *Robert W. Myers*, for respondent Ascena Retail Group, Inc.

---

IN MANDAMUS

{¶ 27} Relator, Kassi Tchankpa, seeks a writ of mandamus ordering respondent, Industrial Commission of Ohio (the "commission") to vacate its October 7, 2014 and May 28, 2021 orders and to issue orders awarding payment of relator's medical treatment, chiropractic services, and temporary total disability ("TTD") compensation.

## I. Findings of Fact

{¶ 28} This matter involves several proceedings in different venues arising out of relator's allegation that he suffered an injury in the course of his employment with

respondent Ascena Retail Group, Inc. ("Ascena"). For ease of discussion and reference, the following findings of fact are grouped by the nature of the action and venue in which the action occurred.

## A. Initial Proceedings before the Commission

{¶ 29} 1. A first report of an injury, occupational disease, or death form ("FROI-1") was filed with the Bureau of Workers' Compensation ("BWC") on October 11, 2013. It details an injury relator allegedly suffered on December 21, 2012 in the course of and arising out of his employment with Ascena. (Joint Certified R. at 3.)

{¶ 30} 2. Ascena, a self-insured employer participating in Ohio's workers' compensation system, contested relator's claim. (Joint Certified R. at 8.)

{¶ 31} 3. Because the claim was contested, the BWC referred the matter to the commission on October 15, 2013. (Joint Certified R. at 10.)

{¶ 32} 4. In a letter dated November 7, 2013, Ascena requested that relator's "claim be suspended and the hearing scheduled for November 19, 2013, be continued because the claimant failed to submit a signed medical release." (Joint Certified R. at 11.)

{¶ 33} 5. Replying to Ascena's November 7, 2013 letter on the same date, relator's counsel enclosed an authorization to release medical information and stated that "I would not object to a continuance of the hearing on November 19, 2013." (Joint Certified R. at 12.)

{¶ 34} 6. In a compliance letter dated November 9, 2013, the commission hearing administrator denied Ascena's November 7, 2013 motion under R.C. 4123.651(C) to suspend relator's claim because relator submitted a signed medical release. (Relator's R. at 80.)[1]

{¶ 35} 7. In a letter dated November 29, 2013, relator informed Ascena that he would be terminating his employment effective December 13, 2013 and further stated that he had been "coping with a work-related injury since December 2012." (Joint Certified R. 206.) In a letter to the commission dated January 20, 2014, relator stated that he had not been employed by Ascena since December 13, 2013. (Joint Certified R. at 14.)

---

[1] In its brief in this case, the commission acknowledges this compliance letter, stating: "Although Ascena asked for a suspension of the claim while it waited on [relator] to provide a signed medical release * * *, that request was denied. ([Relator's] Records p.80.)" (Commission's Brief at 3.)

{¶ 36} 8. Relator requested TTD compensation in a C-84 form signed on June 18, 2014. (Joint Certified R. at 178.)

{¶ 37} 9. A commission district hearing officer ("DHO") heard the issue of the claim allowance on July 1, 2014. In an order mailed July 3, 2014, the DHO granted the FROI-1, finding that relator "sustained an injury in the course of and arising out of employment on 12/21/2012 when he was lifting two laptops to put into their case and felt a pop in his left shoulder." (Joint Certified R. at 187.) Therefore, supported by the reports of Drs. Diehl, Hagan, Davidson, and Stacy, the DHO ordered the claim was allowed for left shoulder sprain/strain, left shoulder adhesive capsulitis, and left shoulder rotator cuff syndrome. Additionally, the DHO found relator was unable to return to and perform his former position of employment from December 14, 2013 through July 7, 2014 as a result of the allowed conditions. Therefore, the DHO ordered that TTD "be paid for said period less sickness and accident benefits received" and that "[c]ontinuing [TTD] compensation is to be paid upon submission of medical documentation stating the Injured Worker's inability to return to his former position of employment as a result of the industrial injury." (Joint Certified R. at 187.)

{¶ 38} 10. Ascena appealed the DHO's order on July 15, 2014. (Joint Certified R. at 189.) The matter was scheduled for a hearing before a commission staff hearing officer ("SHO") on August 8, 2014. (Joint Certified R. at 191.)

{¶ 39} 11. A request for a continuance was filed on July 30, 2014 due to ongoing settlement negotiations between the parties. In the continuance request, it was stated that "[a]ll parties have agreed to this continuance and waive the time frames as set forth in section 4123.511 and other applicable provisions of the Ohio Revised Code. Representatives certify that their respective clients have been informed of the time frames and have agreed to waive the same." (Joint Certified R. at 193.)

{¶ 40} 12. In a letter to the commission dated August 7, 2014, relator informed the commission that he was no longer represented by counsel. (Joint Certified R. at 196.)

{¶ 41} 13. On August 19, 2014, Ascena filed a C-86 motion requesting that the claim be set for a hearing before the SHO because the parties were unable to reach a settlement agreement. (Joint Certified R. at 197.)

{¶ 42} 14. The matter was heard by a SHO on September 15, 2014. In an order mailed on September 18, 2014, the SHO vacated the DHO's order and denied the FROI-1 finding "insufficient persuasive evidence that the Claimant sustained an injury in the course of and arising from his employment on 12/21/2012." (Joint Certified R. at 210.) The SHO made the following findings in support of the determination:

> First, there is record of treatment and left shoulder pain prior to the alleged injury when the Claimant saw Benjamin Hagan, M.D., on 10/10/2012. Next the initial medical treatment following the alleged date of injury provides conflicting descriptions of the mechanism of injury and inconsistent dates for the injury. When the Claimant saw John Diehl, M.D., on 01/02/2013, Dr. Diehl indicated that the Claimant had pain for two months and the mechanism of injury was described as taking a computer from his car. When the Injured Worker saw Dr. Hagan again on 02/01/2013, Dr. Hagan indicated that the Claimant had been in pain for four months. Finally, the Claimant saw Brian Davidson, M.D., on 02/28/2013 and Dr. Davidson indicated the mechanism of injury was simply reaching for a lap top [sic] and the date of injury was noted as 10/28/2012.

> The Staff Hearing Officer also found persuasive the opinion from Gerard Papp, D.O., dated 01/22/2014. Dr. Papp examined the Claimant and reviewed the medical documentation and from this concluded that the Claimant did not sustain an injury in the course of and arising from his employment.

(Joint Certified R. at 210.)

{¶ 43} 15. On September 22, 2014, relator appealed the SHO's order to the commission, which refused the appeal in an order dated October 7, 2014. (Joint Certified R. at 212-13.)

## B. Common Pleas Court

{¶ 44} 16. On October 21, 2014, relator filed a notice of appeal in case No. 14CV10861 in the Franklin County Court of Common Pleas from the September 18, 2014 SHO order and the October 7, 2014 order of the commission. (Joint Certified R. at 272.) In his complaint, relator sought the right to participate pursuant to R.C. 4123.512. (Joint Certified R. at 276.)

{¶ 45} 17. On June 21, 2016, relator filed in the common pleas court a notice of voluntary dismissal without prejudice pursuant to Civ.R. 41(A)(1). (Joint Certified R. at 288.)

## C. First Mandamus Action in this Court

{¶ 46} 18. On August 1, 2019, relator filed a complaint in this court in case No. 19AP-508. Relator sought a writ of mandamus directing the commission to order the payment of TTD compensation.

{¶ 47} 19. Relator filed a voluntary notice of dismissal without prejudice pursuant to Civ.R. 41(A) on August 13, 2019. (Joint Certified R. at 291.)

## D. Mandamus before the Supreme Court of Ohio

{¶ 48} 20. On August 12, 2019, relator filed a complaint in the Supreme Court of Ohio in case No. 2019-1129. Relator sought a writ of mandamus directing the commission to order the payment of TTD compensation. (Joint Certified R. at 293, 307.)

{¶ 49} 21. Both Ascena and the commission filed motions to dismiss relator's mandamus action before the Supreme Court of Ohio. (Joint Certified R. at 379, 384.)

{¶ 50} 22. In its motion to dismiss filed in case No. 2019-1129, the commission argued that relator's mandamus action was subject to dismissal because he never established his right to participate. The commission argued that relator voluntarily dismissed his case in the common pleas court and did not refile the case within the time allowed under R.C. 2305.19, Ohio's saving statute. As a result, the commission argued that the September 18, 2014 SHO order and the October 7, 2014 order of the commission became final orders denying relator the right to participate in the workers' compensation fund. (Joint Certified R. at 388.)

{¶ 51} 23. On November 6, 2019, the Supreme Court of Ohio filed an entry granting motions to dismiss relator's mandamus action in that court. (Joint Certified R. at 375.)

## E. Relator's Motion for Continuing Jurisdiction before the Commission

{¶ 52} 24. On June 26, 2020, during the pendency of the present mandamus action before this court, relator attempted to invoke the commission's continuing jurisdiction pursuant to R.C. 4123.52 by filing a C-86 motion with the commission alleging new and

changed circumstances. (Joint Certified R. at 215.) Relator attached an affidavit in support of his motion in which he stated:

> In late July 2014, Ascena contacted my representative to discuss a settlement negotiation and requested that all parties waive the appeal period or the appeal time frame and that it would pay for my TTD compensation, as ordered by the DHO. I understood the waiver of appeal or time frame as all appeals of the same DHO's order of July 3rd, 2014, are void and null.

(Joint Certified R. at 219.)

{¶ 53} 25. On November 4, 2020, relator, through counsel, filed a request for a continuance of the commission's previously scheduled hearing. (Joint Certified R. at 246.) This request was thereafter granted by the commission. (Joint Certified R. at 247.)

{¶ 54} 26. The issue raised in relator's June 26, 2020 motion was heard by a DHO on January 25, 2021. In an order mailed on February 2, 2021, the DHO found that the commission lacked jurisdiction to address relator's June 26, 2020 C-86 motion. The DHO made the following findings in support of this determination:

> The claim was previously disallowed by a Staff Hearing Officer's decision issued 09/18/2014. An appeal was filed, and by order issued 10/07/2014, the Industrial Commission refused the appeal.
>
> Employer's Counsel stated the Claimant filed an appeal of the denial order to the Franklin County Common Pleas Court on 10/21/2014. Thereafter, the Claimant dismissed the appeal but failed to refile it within the one year[']s savings statute. Therefore, the Common Pleas Court lost jurisdiction over the right to participate issue. Next, the Injured Worker filed a complaint in Mandamus, which was ultimately dismissed by the Ohio Supreme Court for lack of jurisdiction, as there was no extent of disability issue.

(Joint Certified R. at 251.)

{¶ 55} 27. Relator contested the DHO's February 2, 2021 order in an appeal filed on February 7, 2021. (Joint Certified R. at 253.)

{¶ 56} 28. The matter was heard by a SHO on May 5, 2021. In an order mailed on May 8, 2021, the SHO affirmed the February 2, 2021 DHO order and ordered that relator's June 26, 2020 C-86 motion be dismissed. In support of this determination, the SHO made the following findings:

> Given that the instant claim has been disallowed over five years ago without the possibility of re-filing in the Court of Common Pleas, the Staff Hearing Officer concludes that there is no jurisdiction to rule upon the instant motion filed by the Claimant.
>
> However, assuming that Claimant can have the 09/15/2014 Staff Hearing Officer [order] reviewed under continuing jurisdiction, the Staff Hearing Officer finds that Claimant has failed to submit persuasive evidence of a clear mistake of fact, a clear mistake of law, or any other basis upon which continuing jurisdiction may be exercised.

(Joint Certified R. at 257.)

**{¶ 57}** 29. On May 24, 2021, relator appealed the SHO's May 8, 2021 order to the commission, which refused the appeal in an order dated May 28, 2021. (Joint Certified R. at 259, 270.)

## F. Mandamus Proceedings in this Court

**{¶ 58}** 30. Prior to the filing of his June 26, 2020 C-86 motion before the commission, relator filed his complaint seeking a writ of mandamus in the instant matter in this court on May 11, 2020.

**{¶ 59}** 31. On June 28, 2021, relator filed a motion for leave to amend his complaint, which was granted by the previously appointed magistrate on July 12, 2021. Relator attached to his amended complaint the commission order dated May 28, 2021 refusing continuing jurisdiction.

**{¶ 60}** 32. The commission filed a motion to dismiss on July 30, 2021. Ascena filed a motion to dismiss on August 6, 2021. Relator filed responses to both motions. On August 19, 2021, the magistrate filed a decision dismissing the complaint pursuant to Civ.R. 12(B)(1) for lack of jurisdiction.

**{¶ 61}** 33. In a memorandum decision rendered on February 8, 2022, this court sustained relator's fifth objection to the magistrate's decision, albeit in a de novo fashion and not on the grounds articulated by relator in his objections and reply. The court rendered moot the remaining objections and remanded the matter to the magistrate to consider other grounds for dismissal, if any, or the merits of the amended complaint as determined appropriate by the magistrate. The court specifically noted that "[a]s the issue

of temporal limitations set forth in R.C. 4123.52(A) was neither raised before nor ruled on by the magistrate, we offer no opinion regarding the same at this time." (Feb. 8, 2022 Memo Decision at ¶ 13, fn. 4.)

{¶ 62} 34. Relator moved on February 22, 2022 for leave to file a second amended complaint, which was granted on March 9, 2022. In his second amended complaint, relator requests this court issue a writ of mandamus "directing the Respondent, Industrial Commission of Ohio, to vacate its prior orders of October 7, 2014, and May 28, 2021, that terminate the payments of Relator's medical treatment, chiropractic services, and TTD compensation benefits, to reinstate its prior orders awarding such compensation benefits payments and order Respondent Ascena to pay Relator medical treatment, chiropractic services, and TTD compensation benefits, to reimburse Relator's costs expended herein, and to award Relator any further relief to which he is entitled." (Emphasis removed.) (Second Am. Compl. at 27.)

{¶ 63} 35. Ascena filed an answer to the second amended complaint on March 23, 2022. The commission filed its answer on April 4, 2022.

{¶ 64} 36. Relator filed documents which he captioned "stipulation of evidence" on May 4, 2022 ("Relator's R."). Relator did not file an affidavit in support of this submission.

{¶ 65} 37. On May 25, 2022, respondents filed a joint certified record ("Joint Certified R."). Respondents attached to the record the certification of the BWC records custodian and the affidavit of Natalie J. Tackett, counsel for the commission. (Joint Certified R. at 1-2.)

{¶ 66} 38. With the matter having been fully briefed, it is now before the magistrate.

## II. Discussion and Conclusions of Law

{¶ 67} As noted by this court in its February 8, 2022 memorandum decision, relator's arguments are difficult to decipher. Despite this difficulty and the convoluted underlying history of this matter, the conclusion compelled by the relevant authorities is relatively straightforward.

## A. Requirements for Mandamus

{¶ 68} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, a relator must establish a clear legal right to the

requested relief, that the commission has a clear legal duty to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Belle Tire Distribs. v. Indus. Comm.*, 154 Ohio St.3d 488, 2018-Ohio-2122; *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). Where the commission's determination is supported by some evidence, it has not abused its discretion and this court must uphold the decision. *State ex rel. Seibert v. Richard Cyr, Inc.*, 157 Ohio St.3d 266, 2019-Ohio-3341, ¶ 44, citing *State ex rel. Pass v. C.S.T. Extraction Co.*, 74 Ohio St.3d 373, 376 (1996).

{¶ 69} The commission is "exclusively responsible for assessing the weight and credibility of evidence." *State ex rel. George v. Indus. Comm.*, 130 Ohio St.3d 405, 2011-Ohio-6036, ¶ 11, citing *State ex rel. Burley v. Coil Packing, Inc.*, 31 Ohio St.3d 18 (1987). Where the commission's decision is supported by some evidence, the presence of contrary evidence in the record is immaterial. *State ex rel. West. v. Indus. Comm.*, 74 Ohio St.3d 354, 356 (1996), citing *Burley*. However, the commission cannot rely on a medical opinion that is equivocal or internally inconsistent. *George* at ¶ 11. *See State ex rel. Lopez v. Indus. Comm.*, 69 Ohio St.3d 445, 449 (1994).

## B. Applicable Law

{¶ 70} "Ohio's workers' compensation system is the exclusive statutory remedy for work-related injuries." *Clendenin v. Girl Scouts of W. Ohio*, 150 Ohio St.3d 300, 2017-Ohio-2830, ¶ 9, citing R.C. 4123.74. Under this statutory framework, " 'a litigant has no inherent right of appeal' " other than as provided by law. *Felty v. AT&T Technologies, Inc.*, 65 Ohio St.3d 234, 237 (1992), quoting *Cadle v. Gen. Motors Corp.*, 45 Ohio St.2d 28, 33 (1976). Litigants may seek judicial review of commission rulings in one of the following three ways: (1) by direct appeal to the court of common pleas as allowed under R.C. 4123.512, (2) by seeking a writ of mandamus in this court or the Supreme Court of Ohio, or (3) by seeking a declaratory judgment under R.C. Chapter 2721. *Clendenin* at 9, citing *Felty* at 237.

### 1. Right to Participate Determinations and Appeals under R.C. 4123.511 and 4123.512

{¶ 71} "The right to participate means that the claimant's injury occurred in the course of and arising out of the claimant's employment." *Clendenin*, 2017-Ohio-2830, at ¶ 13, citing *State ex rel. Liposchak v. Indus. Comm.*, 90 Ohio St.3d 276, 279 (2000). "The right to participate is a threshold determination of the jurisdiction of the Commission." *Id.*

When a claim or condition is disallowed by the commission, the claimant is denied the right to participate and "all benefits and compensation must be denied for that claim or condition." *Id.*

{¶ 72} R.C. 4123.511 provides the process for determining a worker's right to participate upon receipt of a claim. As relevant here, due to Ascena's status as a self-insured employer, R.C. 4123.511(B)(3) provides that "[i]n contested claims other than state fund claims, the administrator shall forward the claim within seven days of the administrator's receipt of the claim to the industrial commission, which shall refer the claim to an appropriate district hearing officer for a hearing in accordance with [R.C. 4123.511(C)]." *See State ex rel. Sugardale Foods, Inc. v. Indus. Comm.*, 90 Ohio St.3d 383, 386 (2000) ("R.C. 4123.511(C) specifically requires the commission to refer to district hearing officers contested claims against self-insured employers."). Upon the timely filing of an appeal from a DHO's order issued under R.C. 4123.511(C), the matter is referred to a SHO for determination under R.C. 4123.511(D). The statute then provides for the right to appeal the SHO's order to the commission:

> Upon the filing of a timely appeal of the order of the staff hearing officer issued under [R.C. 4123.511(D)], the commission or a designated staff hearing officer, on behalf of the commission, shall determine whether the commission will hear the appeal. * * * If the commission or the designated staff hearing officer determines not to hear the appeal, within fourteen days after the expiration of the period in which an appeal of the order of the staff hearing officer may be filed as provided in [R.C. 4123.511(D)], the commission or the designated staff hearing officer shall issue an order to that effect and notify the parties and their respective representatives in writing of that order.
>
> Except as otherwise provided in this chapter and Chapters 4121., 4127., and 4131. of the Revised Code, any party may appeal an order issued under this division to the court pursuant to [R.C. 4123.512] within sixty days after receipt of the order, subject to the limitations contained in that section.

R.C. 4123.511(E).

{¶ 73} R.C. 4123.512 provides the procedure for appeals to the court of common pleas from a R.C. 4123.511(E) order: "The claimant or the employer may appeal an order of the industrial commission made under [R.C. 4123.511(E)] in any injury or occupational

disease case, other than a decision as to the extent of disability to the court of common pleas of the county in which the injury was inflicted." R.C. 4123.512(A). In a R.C. 4123.512 appeal, "a claimant has both the burden of going forward with evidence and the burden of proof at the hearing before the common pleas court," and, therefore, "where an employer appeals an unfavorable administrative decision to the court the claimant must, in effect, re-establish his workers' compensation claim to the satisfaction of the common pleas court even though the claimant has previously satisfied a similar burden at the administrative level." *Zuljevic v. Midland-Ross Corp., Unitcast Div.*, 62 Ohio St.2d 116, 118 (1980).

**{¶ 74}** An appeal from a commission order to the common pleas court under R.C. 4123.512 is subject to statutory filing deadlines. The party seeking to appeal must file the notice of appeal with a court of common pleas "within sixty days after the date of the receipt of the order appealed from or the date of receipt of the order of the commission refusing to hear an appeal of a staff hearing officer's decision." R.C. 4123.512(A). "Regardless of which party files the notice of appeal," pursuant to R.C 4123.512(A), "the claimant then has 30 days within which to file a petition containing a statement of facts showing a cause of action to participate in the fund." *Robinson v. Kokosing Constr. Co.*, 10th Dist. No. 05AP-770, 2006-Ohio-1532, ¶ 10.

**{¶ 75}** "As with any other plaintiff, the claimant in an R.C. 4123.512 appeal may [employ] Civ.R. 41(A) and voluntarily dismiss [the] complaint." *Id.* at ¶ 12, citing *Kaiser v. Ameritemps, Inc.*, 84 Ohio St.3d 411 (1999), *superseded by statute on other grounds as stated in*, *Bennett v. Admr. Ohio Bur. of Workers' Comp.*, 134 Ohio St.3d 329, 2012-Ohio-5639, ¶ 19, fn. 3. However, a claimant voluntarily dismissing under Civ.R. 41(A) is also bound by the terms of R.C. 2305.19, Ohio's savings statute. *Id.*

**{¶ 76}** Importantly, "R.C. 4123.512 provides the exclusive procedure for appealing a final decision of the commission regarding a claimant's right to participate in the workers' compensation fund." *Robinson* at ¶ 10. *See Ward v. Kroger Co.*, 106 Ohio St.3d 35, 2005-Ohio-3560, ¶ 9 (stating that R.C. 4123.512 "clearly contemplates the general nonappealability of commission orders and, in the case of claims for initial allowance, withholding judicial review until after the claim runs the gamut of successive administrative hearings provided for under R.C. 4123.511"). However, the statutory right of appeal provided under R.C. 4123.512 is not available from commission orders involving the extent

of disability. *Belle Tire*, 2018-Ohio-2122, at ¶ 26, quoting *Liposchak* at 279 (stating that a R.C. 4123.512 appeal "involves only" the question of "whether an employee's injury, disease, or death occurred in the course of and arising out of his or her employment"). Rather, "[f]inal decisions of the Commission regarding the extent of disability may be challenged by a writ of mandamus or in an action for declaratory judgment." *Clendenin* at ¶ 12, citing *Afrates v. Lorain*, 63 Ohio St.3d 22 (1992), paragraph three of the syllabus. *See Belle Tire* at ¶ 25, citing *State ex rel. Gen. Motors Corp. v. Indus. Comm.*, 117 Ohio St.3d 480, 2008-Ohio-1593, ¶ 9 (stating that an action in mandamus "is appropriate when there is a legal basis to compel the Commission to perform its clear legal duty under the law, including when the commission has abused its discretion in carrying out its duties").

{¶ 77} The Supreme Court of Ohio has explained the distinction between a R.C. 4123.512 appeal and an action in mandamus:

> An R.C. 4123.512 appeal is a de novo proceeding in which the claimant presents evidence to the court to prove that the employee's injury, disease, or death occurred in the course of employment so that the employee has the right to participate in the workers' compensation fund. Conversely, in a mandamus proceeding, the focus is on the decision of the commission and whether it abused its discretion. In the mandamus action, judges determine whether the commission's decision was proper, while in an R.C. 4123.512 appeal, jurors typically determine questions of fact. Finally, in a mandamus action, the commission is the sole governmental party whose action the court is reviewing, while the Bureau of Workers' Compensation is the sole mandatory governmental party to the R.C. 4123.512 appeal.

*Belle Tire* at ¶ 26.

*2. Continuing Jurisdiction under R.C. 4123.52*

{¶ 78} "R.C. 4123.52(A) grants the commission broad authority to exercise its continuing jurisdiction, regardless of the availability of an R.C. 4123.512(A) appeal." *State ex rel. Neitzelt v. Indus. Comm.*, 160 Ohio St.3d 175, 2020-Ohio-1453, ¶ 18. R.C. 4123.52(A) provides that the "jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified."

{¶ 79} The continuing jurisdiction of the commission is "limited and may be invoked only when there is evidence of '(1) new and changed circumstances, (2) fraud, (3) clear mistake of fact, (4) clear mistake of law, or (5) error by [an] inferior tribunal.' " *Neitzelt* at ¶ 11, quoting *State ex rel. Nicholls v. Indus. Comm.*, 81 Ohio St.3d 454, 458-59 (1998). Further, R.C. 4123.52(A) "incorporates some temporal limitations: it provides that no modification, change, finding, or award shall be made 'with respect to disability, compensation, dependency, or benefits' after five years from (1) the date of the last payment of medical benefits or compensation, (2) the date of injury if no benefits have been paid, or (3) the date of death." *Id*. at ¶ 15, quoting R.C. 4123.52(A).[2] Thus, the commission possesses the ability to exercise continuing jurisdiction "whenever one or more of the five criteria justifying it is established, subject to (1) the temporal limitations set forth in R.C. 4123.52(A), (2) the rule that the filing of an appeal or an action in mandamus terminates the commission's continuing jurisdiction * * * , and (3) the rule that the commission must exercise its continuing jurisdiction within a reasonable amount of time given the facts of each particular case." *Id*. at ¶ 18. Mandamus is an appropriate action to challenge a commission determination regarding the exercise of continuing jurisdiction under R.C. 4123.52. *Belle* Tire at ¶ 32.

## C. Application

{¶ 80} Relator seeks a writ of mandamus ordering the commission to vacate two orders: (1) the October 7, 2014 order refusing relator's appeal from the SHO's order disallowing relator's claim, and (2) the May 28, 2021 order refusing relator's appeal from the SHO's order denying continuing jurisdiction under R.C. 4123.52. Before turning to relator's arguments, it must be first determined whether mandamus is a proper remedy under the circumstances presented.

{¶ 81} Initially, with regard to the commission's October 7, 2014 order disallowing relator's claim, mandamus is not available as a remedy. Relator sought a remedy from that order by filing a notice of appeal on October 21, 2014 in the Franklin County Court of Common Pleas. Thereafter, he voluntarily dismissed his complaint pursuant to

---

[2] R.C. 4123.52 was amended effective September 15, 2020, after relator filed his C-86 motion seeking continuing jurisdiction on June 26, 2020. However, this amendment did not substantively alter the five-year temporal limitation in R.C. 4123.52(A).

Civ.R. 41(A)(1) on June 21, 2016. It is undisputed that relator never refiled his right-to-participate complaint in the common pleas court within one year period permitted by the saving statute.

{¶ 82} The saving statute provides in pertinent part: "In any action that is commenced or attempted to be commenced, if * * * the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later." R.C. 2305.19(A). Thus, the saving statute "neither operates as a statute of limitations nor operates to toll the statute of limitations," but instead "provides a plaintiff with a limited period of time in which to refile a dismissed claim by commencing a new action that would otherwise be barred by the statute of limitations." *Wilson v. Durrani*, 164 Ohio St.3d 419, 2020-Ohio-6827, ¶ 18.

{¶ 83} Under R.C. 4123.512(A), relator had a right to file in the common pleas court a notice of appeal from the commission's order disallowing the claim. After voluntarily dismissing his complaint, relator was required to refile the complaint within the one-year period provided under the saving statute. *Kaiser* at 415 (stating that a claimant "cannot perpetually delay refiling after a voluntary dismissal because the savings statute, R.C. 2305.19, precludes claims refiled beyond a year from the time of the dismissal of the original complaint," meaning that if a claimant "does not refile [the] complaint within a year's time, [the claimant] can no longer prove * * * entitlement to participate in the workers' compensation system"); *Robinson* at ¶ 12 (finding the "trial court properly rendered judgment in favor of [the employer] due to [the claimant's] failure to refile his petition within the one-year period provided by Ohio's saving statute"). *See also Yates v. G&J Pepsi-Cola Bottlers*, 4th Dist. No. 15CA3711, 2016-Ohio-1436, ¶ 10, citing *Lewis v. Connor*, 21 Ohio St.3d 1 (1985). Relator's failure to pursue his statutory right of appeal by refiling the complaint within the period permitted by the saving statute does not render mandamus an appropriate remedy now. *State ex rel. Cartmell v. Dorrian*, 11 Ohio St.3d 177, 178 (1984) ("The fact that appellant failed to timely pursue his right of appeal does not make that remedy inadequate. If that were the case, this criterion for a writ of mandamus would be met whenever the opportunity to pursue another adequate remedy expired. Would-be appellants could thwart the appellate process simply by ignoring it.").

Because relator had an adequate remedy at law to challenge the commission's decision disallowing his claim through a R.C. 4123.512 appeal, he is precluded from employing this mandamus action to challenge that decision.

{¶ 84} Next, with regard to the commission's May 28, 2021 order refusing appeal from the SHO's order denying the exercise of continuing jurisdiction under R.C. 4123.52, relator cannot establish that he has a clear legal right to the requested relief or that the commission was under a clear legal duty to exercise continuing jurisdiction. The DHO order provisionally allowing relator's claim was issued on July 3, 2014. Due to the DHO's July 3, 2014 order, payment of compensation to the relator was required to begin upon receipt of the order. R.C. 4123.511(H). However, payment of medical benefits was not required to commence at that time since Ascena appealed. R.C. 4123.511(I).

{¶ 85} Relator admits Ascena ceased paying compensation on August 18, 2014. (Relator's Brief at 15.) The SHO order vacating the DHO's allowance and disallowing relator's claim was issued on September 18, 2014. No compensation was required to be paid following the SHO order disallowing relator's claim on September 18, 2014. Relator filed his motion for continuing jurisdiction on June 26, 2020, over five years after the SHO's order.

{¶ 86} Due to the temporal limitations inherent in R.C. 4123.52(A), the commission was prohibited from exercising continuing jurisdiction "after five years from * * * the date of the last payment of medical benefits or compensation." *Neitzelt*, 2020-Ohio-1453, at ¶ 15.[3] *See Williams v. Admr., Ohio Bur. of Workers' Comp.*, 12th Dist. No. CA2013-09-006, 2014-Ohio-1889, ¶ 16 (stating that "[o]nce the applicable * * * period under R.C. 4123.52 expired, the Industrial Commission was without jurisdiction to make any further findings, awards, or orders, and Williams' claim was deemed to have lapsed"); *Chatfield v. Whirlpool Corp.*, 3d Dist. No. 9-21-20, 2021-Ohio-4365, ¶ 15; *Cocherl v. Ohio DOT*, 10th Dist. No. 06AP-1100, 2007-Ohio-3225, ¶ 30; *State ex rel. Romans v. Elder Beerman Stores Corp.*, 100 Ohio St.3d 165, 2003-Ohio-5363, ¶ 9 (stating in analyzing a former version of R.C. 4123.52 that the payment at issue in that case tolled the statute of limitations and provided

---

[3] In the February 8, 2022 memorandum decision of this court, it was specifically noted that "[a]s the issue of temporal limitations set forth in R.C. 4123.52(A) was neither raised before nor ruled on by the magistrate, we offer no opinion regarding the same at this time." (Feb. 8, 2022 Memo Decision at ¶ 13, fn. 4.)

the point from which to measure the applicable period for purposes of the statute of limitations). The temporal limitations in R.C. 4123.52 "permit[] finality through extinguishment after a set period of inactivity." *Romans* at ¶ 8. *See State ex rel. Gen. Refractories Co. v. Indus. Comm. of Ohio*, 44 Ohio St.3d 82, 83 (1989).

{¶ 87} Because relator filed his motion seeking continuing jurisdiction more than five years after the last payment of compensation, the commission was barred from considering relator's arguments under the temporal limitation set forth in R.C. 4123.52(A) and correctly declined to exercise continuing jurisdiction. Therefore, relator cannot show a clear legal right to the requested relief or that the commission was under a clear legal duty to act by exercising continuing jurisdiction.

{¶ 88} Relator's arguments do not alter these conclusions. Relator argues the commission "abused its discretion when it terminated the payments of additional medical, chiropractic, and temporary total disability compensation and benefits to relator for relator's previously allowed commission final orders pertaining to relator's medical, chiropractic, and temporary total disability conditions in 2014." (Relator's Am. Brief at 9.) With regard to Ascena's appeal of the July 3, 2014 DHO order, relator states that "Ascena turned around and cancelled it after all parties and their representatives mutually had agreed and certified to waive the time frames of the appeal of the DHO order of July 3, 2014." (Relator's Am. Brief at 13.) Based on this, relator argues "Ascena chose to knowingly and voluntarily forsake or abandon its right to appeal the DHO's order and did not appeal it." (Emphasis removed.) (Relator's Am. Brief at 15.) Relator further contends that "Ascena's appeal filed on July 15, 2014 was void and null. Additionally, because Relator's underlying physical injury allowance by the commission on November 9, 2013 was a commission final order, as demonstrated above, Relator's subsequent TTD award also was a commission final order because Ascena refused or failed to appeal." (Emphasis removed.) (Relator's Am. Brief at 15.)

{¶ 89} The record and applicable authorities refute relator's arguments. First, the November 9, 2013 "order" to which relator refers was a "compliance letter" denying Ascena's request for the claim to be stayed "because the claimant failed to submit a signed medical release." (Joint Certified R. at 11.) The requested stay was denied because relator submitted the release at issue. This letter did not constitute a final order allowing relator's

claim or, indeed, any allowance of relator's claim whatsoever. There was no allowance of relator's claim until the DHO's July 3, 2014 order provisionally allowing relator's claim.

{¶ 90} In that DHO order, relator's claim was provisionally "allowed for left shoulder sprain/strain, left shoulder adhesive capsulitis and left shoulder rotator cuff syndrome." (Joint Certified R. at 187.) However, this provisional allowance was not a final order of the commission because Ascena appealed the DHO's order on July 15, 2014. (Joint Certified R. at 189.) R.C. 4123.511 provides in pertinent part as follows:

> Upon the timely filing of an appeal of the order of the district hearing officer issued under division (C) of this section, the commission shall refer the claim file to an appropriate staff hearing officer according to its rules adopted under [R.C. 4121.36]. The staff hearing officer shall hold a hearing within forty-five days after the filing of an appeal under this division and issue a decision within seven days after holding the hearing under this division.

R.C. 4123.511(D). Thus, the DHO's July 3, 2014 order was not a final order of the commission.

{¶ 91} Ascena's appeal of the DHO order was originally scheduled for a hearing before the SHO on August 8, 2014. Ascena requested that the hearing be continued because the parties were negotiating a settlement. It was further stated in the request that "[a]ll parties have agreed to this continuance and waive the time frames as set forth in section 4123.511 and other applicable provisions of the Ohio Revised Code. Representatives certify that their respective clients have been informed of the time frames and have agreed to waive the same." (Joint Certified R. at 193.) Contrary to relator's contention, the parties' agreement to waive the time frames provided in R.C. 4123.511 did not constitute a waiver or forfeiture of Ascena's appeal of the DHO's order. Ascena properly appealed under R.C. 4123.511 and the matter was heard and decided by the SHO.

{¶ 92} Relator's remaining arguments, which are largely variations of the aforementioned, cannot alter the conclusion compelled by the relevant authorities. Mandamus is unavailable to challenge commission right-to-participate decisions because an adequate remedy at law is provided through the appeal process under R.C. 4123.512. Nor will mandamus lie regarding the commission's decision declining to exercise continuing jurisdiction when such jurisdiction is sought beyond the temporal limitations

provided in R.C. 4123.52(A) because there is no clear legal right to the requested relief and no clear legal duty for the commission to exercise its jurisdiction. Based on the foregoing, relator has failed to demonstrate entitlement to the extraordinary remedy of mandamus.

{¶ 93} Accordingly, it is the decision and recommendation of the magistrate that the requested writ of mandamus should be denied.[4]

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.

---

[4] In its February 8, 2022 memorandum decision, this court remanded the matter to the magistrate for further consideration of the motions to dismiss filed by the commission on July 30, 2021 and Ascena on August 6, 2021. As a result of this decision, such motions are rendered moot.