**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Caldwell v. Whirlpool Corp.*, **Slip Opinion No. 2024-Ohio-1625.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-1625

CALDWELL, APPELLANT, *v.* WHIRLPOOL CORPORATION, APPELLEE; OHIO BUREAU OF WORKERS' COMPENSATION, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Caldwell v. Whirlpool Corp.*, Slip Opinion No. 2024-Ohio-1625.]**

*Workers' compensation—When a workers' compensation claimant perfects an appeal under R.C. 4123.512, subsequent expiration of R.C. 4123.52's five-year continuing-jurisdiction limit does not cause a claim pending in a court to expire as a matter of law—Judgment reversed and cause remanded to the trial court.*

(No. 2023-0809—Submitted February 7, 2024—Decided May 1, 2024.)

APPEAL from the Court of Appeals for Marion County,

No. 9-22-61, 2023-Ohio-1530.

_____

**KENNEDY, C.J.**

**{¶ 1}** In this discretionary appeal from a judgment of the Third District Court of Appeals, we are tasked with clarifying the effect, or lack thereof, of the Industrial Commission's statutory jurisdiction over workers' compensation claims on a party's statutory right to appeal a commission decision that determines whether an employee can participate in the workers' compensation fund.

**{¶ 2}** Appellant Brian Caldwell suffered a work-related injury while he was employed with appellee, Whirlpool Corporation. After a successful initial workers' compensation claim, Caldwell sought coverage for additional conditions a few years later. In pursuing a claim for these additional conditions, Caldwell exhausted his administrative hearings before the commission, to no avail. So he appealed to a court of common pleas under R.C. 4123.512. The trial court and the court of appeals, in granting and affirming summary judgment in favor of Whirlpool, determined that Caldwell's claim had expired as a matter of law because a separate statute, R.C. 4123.52, limited the commission's continuing jurisdiction to five years from the date of the last payment of compensation on Caldwell's initial claim and that five years had passed.

**{¶ 3}** We come to a different conclusion. Based on the plain language of the relevant workers' compensation statutes, we hold that when a workers' compensation claimant perfects an appeal under R.C. 4123.512, the subsequent expiration of the commission's five-year period of continuing jurisdiction under R.C. 4123.52 does not cause the claim that is pending in court to expire as a matter of law.

**{¶ 4}** We therefore reverse the judgment of the Third District and remand the case to the trial court for further proceedings.

## I.  FACTS AND PROCEDURAL HISTORY

*A.  Caldwell's Workers' Compensation Claims*

**{¶ 5}** In 2015, Caldwell, who at the time was an employee of Whirlpool, was injured on the job.  As a result, Caldwell filed a claim with appellant Bureau of Workers' Compensation for permanent-partial-disability compensation for the condition of "right inguinal hernia."  A staff hearing officer of the Industrial Commission awarded Caldwell compensation.  Whirlpool, a self-insured employer, made its last payment of compensation to Caldwell on January 11, 2017.

**{¶ 6}** In December 2019, Caldwell sought coverage for the additional conditions of "disc protrusions or bulges."  A series of administrative decisions denying Caldwell's claim for the additional conditions culminated in the commission's refusal to hear his appeal, thereby administratively denying Caldwell the right to participate in the workers' compensation fund for the additional conditions.

*B.  The Trial-Court Proceedings*

**{¶ 7}** Around two months after receiving the commission's decision, Caldwell timely appealed from it by filing a complaint in the Marion County Court of Common Pleas.  He named as defendants the statutorily required parties, i.e., his employer, Whirlpool; and Stephanie B. McCloud, who at the time was the administrator of the bureau.  *See* R.C. 4123.512(B).  The trial-court proceedings progressed, but on April 30, 2021, Caldwell voluntarily dismissed his action without prejudice under Civ.R. 41(A)(1)(a).

**{¶ 8}** Just under a year later, on April 20, 2022, Caldwell invoked R.C. 2305.19, the saving statute, to revive his action and refile his appeal in the court of common pleas.  Caldwell again named Whirlpool and McCloud as defendants and again challenged the commission's decision and argued that he was entitled to participate in the workers' compensation fund.

{¶ 9} Whirlpool responded with three simultaneous filings: (1) an affidavit of Pamela Holland, the person responsible for managing Caldwell's workers' compensation claim, (2) a motion for summary judgment, and (3) an answer. Relying on Holland's affidavit, which explained that Caldwell received his last compensation payment on January 11, 2017, Whirlpool's answer and motion for summary judgment argued that Caldwell's claim had expired as a matter of law on January 11, 2022, because R.C. 4123.52 limited the commission's continuing jurisdiction over Caldwell's claim to five years from the date of the last payment of compensation.

{¶ 10} Once briefing on the issue of summary judgment concluded, a magistrate decided in favor of Whirlpool. Caldwell objected to the magistrate's decision, but the trial court found those objections unpersuasive and ultimately granted summary judgment to Whirlpool. The trial court based its decision on the continuing-jurisdiction time limit in R.C. 4123.52 and *Chatfield v. Whirlpool Corp.*, 3d Dist. Marion No. 9-21-20, 2021-Ohio-4365, a recent Third District opinion. According to the trial court, R.C. 4123.52's five-year limit is a statute of limitations and *Chatfield* requires a plaintiff "to not only file but prevail within the five year limitation period."

## C. Caldwell's Further Appeals

{¶ 11} Caldwell appealed to the Third District. The Third District agreed with the trial court and affirmed its judgment on the authority of *Chatfield*. It held that "pursuant to * * * *Chatfield*, Caldwell's claim had expired by operation of law by January 11, 2022." 2023-Ohio-1530, ¶ 13. It also rejected any notion that R.C. 2305.19, the saving statute, had any effect on the case, since that statute "does not change the fact that this type of claim expires by operation of law after the five-years allotted under the conditions set forth in R.C. 4123.52." *Id.* at ¶ 14. Caldwell appealed to this court, and we accepted jurisdiction to consider two propositions of law:

> [1.] The five-year limitation under R.C. 4123.52 does not apply to an R.C. 4123.512 appeal.
>
> [2.] The savings statute applies to an R.C. 4123.512 appeal and R.C. 4123.52 does not.

*See* 171 Ohio St.3d 1405, 2023-Ohio-2972, 215 N.E.3d 559. After we accepted jurisdiction, the bureau, which had not actively participated in most of this litigation, filed a motion to be realigned as an appellant, which this court granted, *see* 171 Ohio St.3d 1509, 2023-Ohio-4016, 220 N.E.3d 839.

## II. LAW AND ANALYSIS

### A. Standard of Review

{¶ 12} This court's review of cases involving a grant of summary judgment is de novo. *Transtar Elec., Inc. v. A.E.M. Elec. Servs. Corp.*, 140 Ohio St.3d 193, 2014-Ohio-3095, 16 N.E.3d 645, ¶ 8. A court may grant summary judgment to a party when "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977), citing Civ.R. 56(C).

{¶ 13} To resolve this case, we return to a familiar place: statutory interpretation. Statutory interpretation is a question of law that we also review de novo. *State ex rel. Natl. Lime & Stone Co. v. Marion Cty. Bd. of Commrs.*, 152 Ohio St.3d 393, 2017-Ohio-8348, 97 N.E.3d 404, ¶ 14. "The intention of the legislature is to be collected from the words they employ." *United States v. Wiltberger*, 18 U.S. 76, 95 (1820). Therefore, "[t]he question is not what did the

general assembly intend to enact, but what is the meaning of that which it did enact." *Slingluff v. Weaver*, 66 Ohio St. 621, 64 N.E. 574 (1902), paragraph two of the syllabus. So "[w]hen the statutory language is plain and unambiguous, and conveys a clear and definite meaning, we must rely on what the General Assembly has said," *Jones v. Action Coupling & Equip., Inc.*, 98 Ohio St.3d 330, 2003-Ohio-1099, 784 N.E.2d 1172, ¶ 12, and apply it as written, *Summerville v. Forest Park*, 128 Ohio St.3d 221, 2010-Ohio-6280, 943 N.E.2d 522, ¶ 18.

### B. Relevant Workers' Compensation Statutes and Caselaw

{¶ 14} We ultimately conclude that the statutory time limit on the commission's continuing jurisdiction did not cause Caldwell's claim to expire as a matter of law. But before we explain why, an examination of the relevant law is in order.

### 1. Relevant Workers' Compensation Statutes

{¶ 15} We begin with a brief overview of three relevant workers' compensation statutes.

### a. The administrative process for workers' compensation claims

{¶ 16} First we look at R.C. 4123.511, which outlines the administrative procedure for workers' compensation claims. If a claim is denied, a claimant may pursue a multistep administrative-appeal process that culminates with an appeal to the Industrial Commission. R.C. 4123.511(E). In those situations, the commission determines whether it will hear the appeal. *Id.* If the commission declines to hear the appeal, it issues an order to that effect. *Id.* Aside from some exceptions not relevant here, a party may appeal such an order to a "court pursuant to [R.C. 4123.512] within sixty days after receipt of the order, subject to the limitations contained in that section." *Id.*

### b. Appeals to a trial court

{¶ 17} And so R.C. 4123.512 is the second relevant statute here. A party's filing of a notice of appeal (of a commission order declining to hear an appeal of a

claim denial) within 60 days in the appropriate court of common pleas "is the only act required to perfect the appeal." R.C. 4123.512(A). The primary issue for the common pleas court to decide is whether the claimant has the right to participate or continue to participate in the workers' compensation fund. *See* R.C. 4123.512(F) and (G). If the court or a jury finds that the claimant has a right to participate in the fund, "the commission and the [bureau] administrator shall thereafter proceed in the matter of the claim as if the judgment were the decision of the commission, subject to the power of modification provided by [R.C. 4123.52]." R.C. 4123.512(G).

### c. The Industrial Commission's continuing jurisdiction

{¶ 18} This brings us to the third relevant statute, R.C. 4123.52, which outlines the commission's continuing jurisdiction over workers' compensation cases. R.C. 4123.52(A). As part of that continuing jurisdiction provided for in R.C. 4123.52(A), the commission is allowed to make subsequent modifications or changes to its former findings and orders. In cases in which a claimant has received compensation from an initial successful claim and seeks additional compensation, any "modification, change, finding, or award shall be made within five years from the date of the last payment of compensation." *Id.* As a brief aside, this quoted language comes from the version of R.C. 4123.52(A) that was in effect at the time Caldwell filed for additional compensation, *see* 2011 Sub.H.B. No. 123, but regardless, we note that subsequent amendments to that statute have not altered the language relevant to our discussion. Therefore, R.C. 4123.52(A) provides the commission with five years of continuing jurisdiction over cases.

### 2. Relevant Caselaw

{¶ 19} Our caselaw addressing a prior version of R.C. 4123.512 is helpful to our analysis here. In *Youghiogheny & Ohio Coal Co. v. Mayfield*, 11 Ohio St.3d 70, 464 N.E.2d 133 (1984), we discussed workers' compensation appeals under former R.C. 4123.519, which was renumbered as R.C. 4123.512 in 1993,

Am.Sub.H.B. No. 107, 145 Ohio Laws, Part II, 2990, 3153 (effective Oct. 20, 1993). We explained that when a workers' compensation claimant files a notice of appeal in a court of common pleas, jurisdiction over the claim vests in that court. *Youghiogheny* at 71. A few years later, we confirmed that a timely notice of appeal satisfies R.C. 4123.519's (now R.C. 4123.512's) jurisdictional requirements. *Fisher v. Mayfield*, 30 Ohio St.3d 8, 505 N.E.2d 975 (1987), paragraph one of the syllabus.

### C. Caldwell's Court Action Did Not Expire as a Matter of Law

{¶ 20} The answer to the issue presented here is a straightforward one— Caldwell's pending action in the trial court did not expire as a matter of law when the case passed the five-year mark established in R.C. 4123.52. We come to this conclusion for several reasons.

{¶ 21} For starters, R.C. 4123.52 does not have any impact on workers' compensation appeals in courts. That statute is concerned solely with the *commission's* continuing jurisdiction over workers' compensation cases. There is no dispute that Caldwell's claim for additional compensation in 2019 and the R.C. 4123.511 administrative proceedings that followed were well within the commission's continuing jurisdiction. And the dictates of R.C. 4123.52 do not reach beyond those administrative proceedings.

{¶ 22} R.C. 4123.512, on the other hand, governed Caldwell's court case. That statute took the baton from Caldwell's administrative efforts, which were regulated by R.C. 4123.511 and 4123.52, and passed it to the judiciary for a fresh review in the form of a trial de novo. *See Ferguson v. State*, 151 Ohio St.3d 265, 2017-Ohio-7844, 87 N.E.3d 1250, ¶ 11 (explaining that a court handles an R.C. 4123.512 appeal as a trial de novo); *see also Lincoln Properties, Inc. v. Goldslager*, 18 Ohio St.2d 154, 159, 248 N.E.2d 57 (1969) (explaining that a trial de novo essentially treats a case as if it were a new action—one that had not been tried below). And Caldwell's timely notice of appeal vested the trial court with

jurisdiction over Caldwell's claim. *See* R.C. 4123.512(A); *Youghiogheny*, 11 Ohio St.3d at 71, 464 N.E.2d 133; *Fisher*, 30 Ohio St.3d 8, 505 N.E.2d 975, paragraph one of the syllabus. Therefore, Caldwell's properly filed case proceeded in the trial court under R.C. 4123.512, and R.C. 4123.52, which covers only administrative matters, could not intrude on that judicial action.

{¶ 23} It makes sense to focus on only R.C. 4123.512 when determining the viability of a workers' compensation appeal to a court, since the General Assembly instructed that such an action is "subject to the limitations contained in [R.C. 4123.512]," and not any other section. R.C. 4123.511(E). Therefore, any other alleged limitations, such as R.C. 4123.52's five-year limitation, did not apply to Caldwell's appeal pending in court.

{¶ 24} Division (G) of R.C. 4123.512 further supports our conclusion. That division provides that when a claimant is successful in court, the commission and bureau must "proceed in the matter of the claim as if the judgment were the decision of the commission, subject to the power of modification provided by [R.C. 4123.52]." R.C. 4123.512(G). The phrase beginning with "as if" in essence rights a wrong by allowing a claimant to participate in the fund for a condition for which he had previously been denied the right to participate. And the phrase beginning with "subject to" ensures that the commission can utilize its power to modify as set forth in R.C. 4123.52. In a nutshell, R.C. 4123.512(G) provides a successful claimant in court with the next steps in the workers' compensation process by requiring the commission and bureau to allow the claimant to participate in the workers' compensation fund for an additional condition while also permitting the commission to make future modifications of the orders.

{¶ 25} Based on the foregoing, we hold that the expiration of R.C. 4123.52's five-year continuing-jurisdiction limit did not cause Caldwell's claim pending in common pleas court to expire as a matter of law, and therefore, the lower

courts' finding of summary judgment in favor of Whirlpool on that basis was improper.

### D. The Saving Statute Is Irrelevant

{¶ 26} Finally, R.C. 2305.19, the saving statute, is irrelevant to this case. It is undisputed that Caldwell properly utilized the saving statute, and we have long recognized that the saving statute applies to R.C. 4123.512 appeals, *Lewis v. Connor*, 21 Ohio St.3d 1, 487 N.E.2d 285 (1985), syllabus (citing former R.C. 4123.519, which was subsequently renumbered as R.C. 4123.512). Because our resolution of Caldwell's first proposition of law decides this case, and because the saving statute does not affect our decision, we need not address Caldwell's second proposition of law.

### III. CONCLUSION

{¶ 27} Caldwell did all that was required of him under R.C. 4123.512 to have his day in court. R.C. 4123.52, the statute that establishes the continuing jurisdiction of the commission, in no way affects R.C. 4123.512 court proceedings once they have been properly initiated. So, following the plain language of the workers' compensation statutes, we hold that when a workers' compensation claimant perfects an appeal under R.C. 4123.512, the subsequent expiration of R.C. 4123.52's five-year continuing-jurisdiction limit does not cause a claim that is pending in a court to expire as a matter of law.

{¶ 28} Therefore, we reverse the judgment of the Third District Court of Appeals and remand the case to the trial court for further proceedings.

Judgment reversed

and cause remanded to the trial court.

FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

_____

Philip J. Fulton Law Office and Chelsea F. Rubin, for appellant Brian Caldwell.

Dave Yost, Attorney General, T. Elliot Gaiser, Solicitor General, Michael J. Hendershot, Chief Deputy Solicitor General, Stephen P. Carney and Mathura J. Sridharan, Deputy Solicitors General, and Natalie J. Tackett, Principal Assistant Attorney General, for appellant Ohio Bureau of Workers' Compensation.

Bugbee & Conkle, L.L.P., Mark S. Barnes, and Robert L. Solt IV, for appellee.

Garvin & Hickey, L.L.C., Preston J. Garvin, Michael J. Hickey, and John D. Hance IV, urging affirmance for amicus curiae, Ohio Chamber of Commerce.

_____