[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Tchankpa v. Indus. Comm.*, Slip Opinion No. 2024-Ohio-3430.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-3430

THE STATE EX REL. TCHANKPA, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Tchankpa v. Indus. Comm.*, Slip Opinion No. 2024-Ohio-3430.]**

*Workers' compensation—Claimant does not have an allowed workers' compensation claim and Industrial Commission has no jurisdiction to award any benefits, because after dismissing his appeal of the commission's order denying his right to participate in workers' compensation fund, claimant failed to refile the action within one year as permitted under the saving statute, R.C. 2305.19(A)—R.C. 4123.52—Industrial Commission correctly denied claimant's continuing-jurisdiction motion because claimant filed his motion outside the five-year period within which the commission was permitted to exercise its continuing jurisdiction under R.C. 4123.52(A)—Court of appeals' judgment denying writ of mandamus affirmed.*

(No. 2024-0096—Submitted July 9, 2024—Decided September 11, 2024.)

APPEAL from the Court of Appeals for Franklin County,

No. 20AP-259, 2024-Ohio-93.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ.

**Per Curiam.**

{¶ 1} Appellant, Kassi E. Tchankpa, filed a mandamus action in the Tenth District Court of Appeals, requesting a writ ordering appellee Industrial Commission of Ohio to vacate two of its decisions and ordering appellee Ascena Retail Group, Inc. ("Ascena") to pay for his medical treatment and chiropractic services and to pay him temporary-total-disability ("TTD") compensation. The two decisions at issue are (1) an October 2014 order refusing Tchankpa's appeal from a staff hearing officer's disallowance of his workers' compensation claim and (2) a May 2021 order refusing Tchankpa's appeal from a staff hearing officer's dismissal of his motion to exercise continuing jurisdiction. The court of appeals denied Tchankpa's request for a writ of mandamus, and Tchankpa filed a pro se direct appeal to this court. Because Tchankpa had an adequate remedy in the ordinary course of the law to challenge the disallowance of his workers' compensation claim and because his continuing-jurisdiction motion was time-barred, we affirm the Tenth District's judgment.

## I. BACKGROUND

{¶ 2} Tchankpa first sought workers' compensation benefits in October 2013 when he filed a claim with the Bureau of Workers' Compensation describing an injury he allegedly sustained while working for Ascena. Ascena, a self-insuring employer, contested the validity of Tchankpa's claim, and the bureau referred the matter to the commission. Before the matter was heard, Tchankpa also applied for

TTD compensation.

{¶ 3} On November 7, 2013, Ascena requested that the commission suspend Tchankpa's claim because he had failed to submit a signed medical release as required by R.C. 4123.651(B). Tchankpa submitted the medical release that same day. The commission's hearing administrator, in a November 2013 "compliance letter," denied Ascena's request to suspend the claim.

{¶ 4} In a July 2014 order, a district hearing officer ("DHO") for the commission allowed Tchankpa's workers' compensation claim for "left shoulder sprain/strain, left shoulder adhesive capsulitis, and left shoulder rotator cuff syndrome." The DHO found that Tchankpa was "unable to return to and perform his former position of employment from 12/14/2013 to 07/01/2014 as a result of the allowed conditions" and ordered Ascena to pay TTD compensation for that period and continuing.

{¶ 5} Ascena filed a timely administrative appeal from the DHO's order, and a hearing date was set before a staff hearing officer ("SHO") for the commission. The commission granted Ascena's request for a continuance of the hearing because the parties were negotiating a settlement. The parties were unable to reach an agreement, however, and Ascena filed a motion to schedule a hearing on its appeal.

{¶ 6} While the appeal was pending, Ascena paid Tchankpa TTD compensation under the DHO's order but did not pay for Tchankpa's medical treatment and chiropractic services. *See* R.C. 4123.511(H)(4) (compensation payments shall commence when the employer receives a DHO's order); *compare* R.C. 4123.511(I) (medical-benefit payments shall commence upon the earlier of the date of the issuance of a SHO's order or the date of the final administrative or judicial determination).

{¶ 7} In September 2014, the SHO vacated the DHO's order and disallowed Tchankpa's workers' compensation claim based on "insufficient persuasive

evidence that [he] sustained an injury in the course of and arising from his employment on 12/21/2012." Tchankpa appealed the SHO's order, but the commission refused the appeal in an order dated October 7, 2014. *See* R.C. 4123.511(E).

{¶ 8} Tchankpa filed in the Franklin County Court of Common Pleas (1) a notice of appeal from the SHO's September 2014 order and the commission's October 2014 order, *see* R.C. 4123.512(A), and (2) a complaint requesting that the court grant him the right to participate in the workers' compensation fund, *see* R.C. 4123.512(D). Before the matter was adjudicated, Tchankpa filed under Civ.R. 41(A)(1) a notice of voluntary dismissal of the action without prejudice.

{¶ 9} In 2019, Tchankpa attempted to obtain a writ of mandamus from the Tenth District and from this court directing the commission to order Ascena to pay him TTD compensation. *See State ex. rel. Tchankpa v. Indus. Comm.*, No. 19AP-508 (10th Dist. Aug. 1, 2019); *State ex rel. Tchankpa v. Indus. Comm.*, case No. 2019-1129 (Aug. 12, 2019). Tchankpa voluntarily dismissed the complaint he had filed in the Tenth District. *Tchankpa*, No. 19AP-508 (10th Dist. Aug. 13, 2019). And we granted the commission's and Ascena's motions to dismiss the complaint Tchankpa had filed in this court. *State ex rel. Tchankpa v. Indus. Comm.*, 2019-Ohio-4474.

{¶ 10} Tchankpa refiled his mandamus action in the Tenth District in May 2020. While that action was pending, Tchankpa attempted to invoke the commission's continuing jurisdiction under R.C. 4123.52 by filing a motion with the commission in which he alleged new and changed circumstances and asked the commission to reconsider his request for payment of TTD compensation. A DHO concluded that the commission lacked jurisdiction to address Tchankpa's continuing-jurisdiction motion, and a SHO affirmed the DHO's decision on appeal because "the instant claim [had] been disallowed over five years ago without the possibility of re-filing in the Court of Common Pleas." In an order dated May 28,

2021, the commission refused Tchankpa's appeal from the SHO's order dismissing his continuing-jurisdiction motion. *See* R.C. 4123.511(E).

{¶ 11} In his second amended complaint filed in the Tenth District, Tchankpa requested a writ of mandamus directing the commission to vacate its October 2014 and May 2021 orders, reinstate the prior order awarding him payment of TTD compensation, order Ascena to pay for his medical treatment and chiropractic services and to pay him TTD compensation, reimburse his costs, and award him "any further relief to which he is entitled."

{¶ 12} The Tenth District referred the matter to a magistrate who recommended that the court deny Tchankpa's request for a writ because he (1) had an adequate remedy in the ordinary course of the law through an R.C. 4123.512 appeal and (2) no longer had a legal right to invoke the commission's continuing jurisdiction under R.C. 4123.52(A). 2024-Ohio-93, ¶ 2 (10th Dist.). The court of appeals adopted the magistrate's decision, overruled Tchankpa's objections to the magistrate's decision, and denied Tchankpa's request for a writ of mandamus. *Id*. at ¶ 26.

{¶ 13} Tchankpa appealed to this court, asserting ten propositions of law. For ease of discussion, we divide Tchankpa's propositions of law into three categories of alleged errors related to (1) the commission's October 2014 order, (2) the commission's May 2021 order, and (3) the court of appeals' decision.

## II. ANALYSIS

### A. The Commission Denied Tchankpa the Right to Participate in the Workers' Compensation Fund

{¶ 14} We first address Tchankpa's arguments related to Ascena's refusal to pay for his medical treatment and chiropractic services, Ascena's discontinuation of TTD compensation payments, the commission's failure to enforce the provision of these benefits by Ascena, and the Tenth District's conclusion that it could not address these issues in the context of a disallowed workers' compensation claim,

*id.* at ¶ 20.

**{¶ 15}** "Under R.C. 4123.512, claimants and employers can appeal Industrial Commission orders to a common pleas court only when the order grants or denies the claimant's right to participate [in the workers' compensation fund]. Determinations as to the extent of a claimant's disability, on the other hand, are not appealable and must be challenged in mandamus." *State ex rel. Liposchak v. Indus. Comm.*, 2000-Ohio-73, ¶ 8; *accord State ex rel. Consolidation Coal Co. v. Indus. Comm.*, 18 Ohio St.3d 281, 284-285 (1985). To be entitled to a writ of mandamus, Tchankpa must show by clear and convincing evidence that he has a clear legal right to the requested relief, that the commission has a clear legal duty to provide that relief, and that he has no adequate remedy in the ordinary course of the law. *State ex rel. Zarbana Industries, Inc. v. Indus. Comm.*, 2021-Ohio-3669, ¶ 10.

**{¶ 16}** In its October 2014 order, the commission refused to accept Tchankpa's appeal from the SHO's order disallowing his workers' compensation claim, thereby denying Tchankpa the right to participate in the workers' compensation fund. Consequently, Tchankpa had an adequate remedy in the ordinary course of the law by way of appeal to the common pleas court under R.C. 4123.512(A). *See Liposchak* at ¶ 8. Tchankpa timely appealed the commission's order but subsequently dismissed the action under Civ.R. 41(A)(1). He then failed to refile the action within one year as permitted under the saving statute, R.C. 2305.19(A).[1] Accordingly, Tchankpa is precluded from proving his right to participate in the workers' compensation fund for his alleged 2012 injury. *See Kaiser v. Ameritemps, Inc.*, 1999-Ohio-360, ¶ 14.

**{¶ 17}** In sum, because Tchankpa does not have an allowed workers'

---

1. We have "long recognized that the saving statute applies to R.C. 4123.512 appeals." *Caldwell v. Whirlpool Corp.*, 2024-Ohio-1625, ¶ 26, citing *Lewis v. Connor*, 21 Ohio St.3d 1 (1985), syllabus (citing former R.C. 4123.519, which was subsequently renumbered R.C. 4123.512, Am.Sub.H.B. No. 107, 145 Ohio Laws, Part II, 2990, 3153); *see also Kaiser v. Ameritemps, Inc.*, 1990-Ohio-360, ¶ 14.

compensation claim, the commission has no jurisdiction to award any benefits in the case. *See Liposchak* at ¶ 11. Tchankpa's arguments have no merit.

**B. The Commission Declined to Exercise Continuing Jurisdiction**

{¶ 18} Next, we address Tchankpa's arguments related to the commission's May 2021 order refusing to accept Tchankpa's appeal from the SHO's order dismissing his continuing-jurisdiction motion. R.C. 4123.52(A) provides that the commission has continuing jurisdiction to modify or change its former findings and orders. "In cases in which a claimant has received compensation from an initial successful claim and seeks additional compensation, any 'modification, change, finding, or award shall be made within five years from the date of the last payment of compensation.' " *Caldwell v. Whirlpool Corp*., 2024-Ohio-1625, ¶ 18 (quoting the version of R.C. 4123.52(A), 2011 Sub.H.B. No. 123, that was in effect when Tchankpa filed his continuing-jurisdiction motion).

{¶ 19} It is undisputed that Ascena paid TTD compensation to Tchankpa under the DHO's July 2014 order and that no payments were made following the SHO's September 2014 order disallowing Tchankpa's claim. The parties agree that Ascena made the last payment of TTD compensation to Tchankpa in August 2014. Tchankpa did not file his continuing-jurisdiction motion until almost six years later—in June 2020—which was too late under R.C. 4123.52(A).

{¶ 20} Tchankpa attempts to circumvent the requirements of R.C. 4123.52(A) by arguing that the commission should have continuing jurisdiction within five years from the date that Tchankpa learned he had received his last compensation payment, which he contends was June 30, 2021.[2] He explains that on June 30, 2021, he "discovered" in another Franklin County Court of Common Pleas case a declaration under oath executed by a person on behalf of Ascena. This

---

2. Tchankpa also refers to March 23, 2022, as a possible beginning date "to trigger the temporal limitation" of R.C. 4123.52(A). However, he does not explain that date's significance to his continuing-jurisdiction argument.

declaration specifies that Ascena made TTD compensation payments to Tchankpa from July through August 2014, which the parties have never disputed. Tchankpa provides no support for grafting a "discovery rule" onto R.C. 4123.52(A). Moreover, the premise of Tchankpa's argument—that he was unaware that Ascena did not pay him TTD compensation after August 2014—is disingenuous. Indeed, in October 2014, Tchankpa filed a notice of appeal from the SHO's decision vacating the DHO's order awarding him TTD compensation and a complaint requesting that the court of common pleas grant him the right to participate in the workers' compensation fund.

**{¶ 21}** Tchankpa additionally argues that the SHO "failed or refused to explain the reason for rejecting any of the sufficiently persuasive or uncontroverted evidence" he submitted to the commission in support of his continuing-jurisdiction motion, such as allegations of mistakes of law, mistakes of fact, and changed circumstances. *See State ex rel. Nicholls v. Indus. Comm.*, 1998-Ohio-616, ¶ 17 (the prerequisites for invoking the commission's continuing jurisdiction are "(1) new and changed circumstances, (2) fraud, (3) clear mistake of fact, (4) clear mistake of law, or (5) error by [an] inferior tribunal"); *see also State ex rel. Tantarelli v. Decapua Ents., Inc.*, 2019-Ohio-517, ¶ 16 ("The commission must both identify and explain the prerequisite on which it relies."). Because Tchankpa filed his motion outside the five-year period within which the commission was permitted to exercise its continuing jurisdiction, this argument is moot.

**{¶ 22}** The commission correctly denied Tchankpa's continuing-jurisdiction motion.

## C. The Tenth District Denied Tchankpa's Request for a Writ of Mandamus

**{¶ 23}** Tchankpa's next arguments pertain to Ascena's administrative appeal from the DHO's order initially allowing Tchankpa's workers' compensation claim. After Ascena filed its appeal from that order on July 15, 2014, the commission granted Ascena's request for a continuance of the hearing to pursue

settlement. The request noted that "[a]ll parties have agreed to this continuance." Once negotiations stalled, Ascena filed a motion to schedule a hearing on its appeal before the SHO, which was ultimately held on September 15, 2014. According to Tchankpa, Ascena was required to invoke the commission's continuing jurisdiction if it wanted the commission to change or vacate the DHO's order (and the hearing administrator's November 2013 compliance letter), because they were "final administrative determination[s]." Tchankpa further contends that the commission "failed to address whether the reset [of the hearing before the SHO] complied with R.C. 4123.52," the statute governing the commission's continuing jurisdiction.

**{¶ 24}** Tchankpa's arguments reveal his misunderstanding of the administrative proceedings in this case: (1) the hearing administrator, in its compliance letter, denied Ascena's request to suspend Tchankpa's claim but did not adjudicate the compensability of the claim; (2) Ascena timely appealed the DHO's order, rendering it an interlocutory order; and (3) Ascena did not request that the commission exercise continuing jurisdiction over the DHO's order but instead requested that the SHO schedule a hearing on its appeal from that order. Thus, Tchankpa's assertion that the Tenth District erred by concluding that "[t]here was no attempt to invoke continuing jurisdiction pursuant to R.C. 4123.52," 2024-Ohio-93 at ¶ 10 (10th Dist.), has no merit. Likewise, Tchankpa's contention that Ascena was required to list the compliance letter in its notice of appeal from the DHO's order is without merit.

**{¶ 25}** Tchankpa further contends that the Tenth District erred by rejecting his argument that the SHO's hearing was held outside the mandated 45-day period. *See* R.C. 4123.511(D) (a SHO "shall hold a hearing within forty-five days after the filing of an appeal under this division"). According to Tchankpa, the fact that the parties agreed to a continuance to pursue settlement does not override the authority of R.C. 4123.511(D). But this argument ignores R.C. 4123.511(G)(1), which provides that a continuance of a hearing may be permitted "for good cause." *See*

*also* Adm.Code 4121-3-09(C)(9) (regulating continuances of hearings before the commission and its hearing officers). Accordingly, the court of appeals correctly concluded that it was within the commission's discretion to grant the request for a continuance to allow the parties to pursue settlement. *See* 2024-Ohio-93 at ¶ 13 (10th Dist.).

{¶ 26} Finally, Tchankpa maintains that the Tenth District disregarded his stipulation of evidence in its entirety and incorrectly concluded that "[t]here [was] no showing that any relevant evidence was ignored by the magistrate," *id.* at ¶ 6. Tchankpa filed two documents captioned "stipulation of evidence." Neither the commission nor Ascena stipulated to this evidence, however, and they subsequently filed a "joint certified record." *See* Tenth Dist.Loc.R. 13(G). Tchankpa claims that Ascena and the commission "removed key evidence" from their joint certified record to affect the outcome of the case and that the magistrate ignored his evidence because he had not filed a supporting affidavit.

{¶ 27} Tchankpa offers no support for these suppositions. Moreover, the magistrate and the court of appeals referred to evidence that was submitted solely by Tchankpa, further undermining his claim that his submission of evidence was ignored in its entirety. *See, e.g.*, 2024-Ohio-93 at ¶ 7-8, 34, 89 (10th Dist.) (discussing the November 2013 compliance letter). Tchankpa has not demonstrated that the court of appeals disregarded evidence that it should have considered.

## III. CONCLUSION

{¶ 28} For the reasons stated herein, Tchankpa has not established that he is entitled to relief in mandamus. We affirm the judgment of the Tenth District Court of Appeals.

Judgment affirmed.

_____

Kassi E. Tchankpa, pro se.

Dave Yost, Attorney General, and Natalie J. Tackett, Assistant Attorney General, for appellee Industrial Commission of Ohio.

Robert Myers Law Offices, L.L.C., and Robert W. Myers, for appellee Ascena Retail Group, Inc.

_____