[Cite as *State ex rel. Moore v. Fornshell*, 2025-Ohio-65.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO EX REL. DALE MOORE, | : | CASE NO. CA2023-08-062 |
| | : | |
| Appellant, | : | O P I N I O N |
| | : | 1/13/2025 |
| - vs - | : | |
| | : | |
| DAVID FORNSHELL, et al., | : | |
| | : | |
| Appellees. | | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 2022-CV-95259

The Law Firm of Curt C. Hartman, and Curt C. Hartman, for appellant.

Adam M. Nice, for appellees.

**BYRNE, J.**

{¶ 1}   Dale Moore appeals the decision of the Warren County Court of Common

Pleas, which granted summary judgment in favor of the respondents in Moore's taxpayer

lawsuit.  For the reasons described below, we affirm the common pleas court's decision.

**I. Factual and Procedural Background**

{¶ 2}   This case turns on the meaning of language in a statute.  The statute, R.C.

309.06(A), concerns procedures for setting the compensation of certain employees of a county prosecuting attorney's office. That statute provides:

> On or before the first Monday in January of each year, the judge of the court of common pleas or, if there is more than one judge, the judges of the court of common pleas in joint session may fix an aggregate sum to be expended for the incoming year for the compensation of assistants, clerks, and stenographers of the prosecuting attorney's office.
>
> The prosecuting attorney may appoint any assistants, clerks, and stenographers who are necessary for the proper performance of the duties of his office and fix their compensation, not to exceed, in the aggregate, the amount fixed by the judges of the court of common pleas. The compensation, after being so fixed, shall be paid to the assistants, clerks, and stenographers biweekly from the general fund of the county treasury, upon the warrant of the county auditor.

{¶ 3} In sum, R.C. 309.06(A) states that the judge or judges of a county court of common pleas "*may* fix an aggregate sum" for the compensation of a county prosecutor's "assistants, clerks, and stenographers" (collectively referred to herein as the "assistants") and further provides that the prosecutor "may" appoint such assistants and "fix" the compensation of such assistants, provided that the sum fixed not exceed the "amount fixed" by the common pleas judges. (Emphasis added.) The statute further states that "the compensation, after being so fixed, shall be paid" from the county's general fund.

{¶ 4} In June 2022, Moore filed a taxpayer lawsuit pursuant to R.C. 309.13 against the following respondents: David Fornshell (in his official capacity as the Warren County Prosecuting Attorney), the Warren County Board of Commissioners ("the Board"), and Matt Nolan (in his official capacity as the Warren County Auditor).[1] In the complaint, Moore alleged that the Board was illegally using public funds to pay for the compensation

---

1. Moore also named Barney Wright (in his official capacity as the Warren County Treasurer) as a party. However, Moore later dismissed all claims against Wright pursuant to Civ.R. 41.

of the Warren County Prosecuting Attorney's "assistants, clerks, and stenographers" in violation of R.C. 309.06(A), the statute described above. Moore alleged that the prosecutor had never requested that the judges of the Warren County Court of Common Pleas "fix" an aggregate sum for the compensation of the prosecutor's assistants and that no judicial order fixing the aggregate sum for compensation existed. Therefore, Moore argued, any appropriation by the Board to pay the prosecutor's assistants was an illegal use of public funds. Moore requested that the court enjoin the Board from continuing to appropriate funds for the prosecutor's assistants in violation of R.C. 309.06(A) and to recover, for the use of Warren County, any such monies that were illegally drawn from public funds. Moore sought three types of relief: injunctive relief, declaratory judgment, and judgment to recover funds.

{¶ 5} The matter proceeded to discovery. The respondents and Moore both moved for partial summary judgment.[2] Because both sides agreed that there were no genuine issues of material fact in dispute and that the only disputed issues were legal in nature, the parties entered into a joint stipulation regarding the facts. In its summary judgment decision, the common pleas court summarized the stipulated facts as follows:

> During the calendar year 2022 to the date of the filing of this action, the Warren County Prosecutor employed and compensated a number of assistants and clerks. For this same calendar year, the Warren County Prosecutor's Office, along with other county departments and elected officials, submitted proposed budgets for 2022 the year prior. On May 21, 2021, and again on September 21, 2021, the Warren County Prosecutor submitted an estimated 2022 budget to the Warren County Commissioners which included the funds necessary to compensate assistants, clerks, and stenographers.

---

2. The motion was one for "partial" summary judgment, not complete summary judgment, because it sought summary judgment only with respect to the question of liability, and not with respect to the issue of how to recover the funds that Moore alleged were improperly paid by the county. Because the common pleas court's decision made it unnecessary to address the recovery-of-funds issue, the trial court never addressed it, and we need not address it in this opinion. For the sake of simplicity, we will simply refer to "summary judgment" rather than "partial summary judgment" in the remainder of this opinion.

The Warren County Commissioners approved the 2022 Tax Budget for all county offices including the prosecutor's office on July 20, 2021. On August 27, 2021, the Warren County Auditor prepared the 2022 Official Certification of Estimated Resources. Once the estimated resources and tax revenues were obtained, the commissioners requested all county departments to submit revised budgets limiting their expenses to a 3% increase from the prior year.

On December 14, 2021, the Warren County Commissioners adopted the Annual Appropriation Measure Resolution. On January 1, 2022, the Warren County Auditor certified the total amount of appropriated funds available for fiscal year 2022.

At no point in the process of budgeting, appropriating, or certifying the availability of funds for compensation of the Warren County Prosecutor's Office assistants, clerks, and stenographers for either 2022 or 2023 did the judges of the Warren County Common Pleas Court fix an aggregate sum to be expended for the compensation of the assistants, *et al.* of the Warren County Prosecutor's Office. This exact same process was used for fiscal year 2022 and 2023.

\* \* \*

The parties submit the facts are not in dispute and agree there remains no genuine issue of material fact. Therefore, this case involves a question of law, namely to what extent R.C. 309.06 imposes certain requirements on common pleas judges to approve compensation of the assistants, clerks, and stenographers of a prosecutor's office.

(We removed references by the common pleas court to the summary judgment record and inserted paragraph breaks for readability purposes.)

{¶ 6} In addressing the legal issues presented in the competing motions for summary judgment, the common pleas court noted that the plain language of R.C. 309.06(A) provided that the judges of the common pleas court "*may*" fix the maximum amount of funds a county prosecutor can expend in compensating the assistants in his office. The court found that by this language, the General Assembly intended for the authority to fix the aggregate sum to be discretionary. The court rejected Moore's

argument that if the judges failed to exercise their discretion to set an aggregate sum, then the prosecutor could not pay the assistants any amount; the court instead found that an aggregate sum fixed by the judges served only as a limit on the compensation of the prosecutor's assistants, not an authorization for the payment of any amount of compensation. The court also found that because there was no legal duty for the common pleas judges to fix an aggregate sum for compensating the prosecutor's assistants, R.C. 309.06(A) could not be construed to impose a prohibition on the Board appropriating public funds to compensate the prosecutor's assistants if the judges did not exercise their discretion under the statute.

{¶ 7} The common pleas court further noted that the respondents lawfully complied with the requirements set forth in R.C. 5705.01 et seq, which relates to the process between the various county agencies, the Board, and the auditor's office, of budgeting expenses, appropriating necessary funds, and certifying funds as available for compensation. The court found that the respondents had followed the requirements of R.C. 5705.01, et seq., regarding compensating the prosecutor's assistants.

{¶ 8} Accordingly, the common pleas court granted the respondents' motion for summary judgment, denied Moore's motion for summary judgment, and dismissed all of Moore's various claims for relief. Moore appealed and raised one assignment of error.

## II. Law and Analysis

{¶ 9} Moore's assignment of error states:

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN THE DECISION AND ENTRY GRANTING RESPONDENTS' MOTION FOR SUMMARY JUDGMENT (T.D.56) WHEREIN IT GRANTED SUMMARY JUDGMENT IN FAVOR [OF] RESPONDENTS-APPELLEES AND DENIED PARTIAL SUMMARY JUDGMENT IN FAVOR [OF] RELATOR-APPELLANT.

{¶ 10} Moore argues that the common pleas court erred in its interpretation of R.C.

309.06(A). Moore contends that the court ignored language in both paragraphs of R.C. 309.06(A). Moore argues that language ignored by the common pleas court in the second paragraph of R.C. 309.06(A) sets forth a "condition precedent" to the paying of the prosecutor's assistants. Moore argues that the language of the second paragraph establishes that a prosecutor cannot fix *any* compensation for his assistants if the common pleas court judges "fail or refuse" to fix an aggregate sum for the compensation.

**A. Summary Judgment Standard and Standard of Review**

{¶ 11} "Summary judgment is appropriate under Civ.R. 56 when (1) there is no genuine issue of material fact remaining to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in its favor." *Certain Interested Underwriters at Lloyd's, London, England v. Total Quality Logistics, L.L.C.*, 2023-Ohio-4470, ¶ 14 (12th Dist.), citing *BAC Home Loans Servicing, L.P. v. Kolenich*, 2011-Ohio-3345, ¶ 17 (12th Dist.), citing *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389.

{¶ 12} "The party requesting summary judgment bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record that show the absence of a genuine issue of material fact." *Certain Interested Underwriters at Lloyd's* at ¶ 15, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107. "Once a party moving for summary judgment has satisfied its initial burden, the nonmoving party 'must then rebut the moving party's evidence with specific facts showing the existence of a genuine triable issue; it may not rest on the mere allegations or denials in its pleadings.'" *Id.*, citing *Deutsche Bank Natl. Trust Co. v. Sexton*, 2010-Ohio-4802 (12th Dist.) at ¶ 7; Civ.R. 56(E).

{¶ 13} This court reviews a trial court's summary judgment decision under a de

novo standard. *Id.* at ¶ 16, citing *Sexton* at ¶ 7.

## B. Statutory Interpretation

{¶ 14} The Ohio Supreme Court has explained that a court's "duty in construing a statute is to determine and give effect to the intent of the General Assembly as expressed in the language it enacted." *Pelletier v. Campbell*, 2018-Ohio-2121, ¶ 14. Rather than reading the tea leaves of legislative history in an effort to divine legislative intent, the intention of the legislature is to be determined from the words used in the statute. *See Caldwell v. Whirlpool Corp.*, 2024-Ohio-1625, ¶ 13. "Therefore, '[t]he question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact." *Id.*, quoting *Slingluff v. Weaver*, 66 Ohio St. 621 (1902), paragraph two of the syllabus. In other words, in construing the words of a statute we are to determine the original public meaning of the actual words the General Assembly enacted and apply that meaning. *Pelletier* at ¶ 14; *Caldwell* at ¶ 13.

{¶ 15} If the meaning of the statute is unambiguous and definite, it must be applied as written and no further interpretation is necessary. *State ex rel. Burrows. v. Indus. Comm.*, 78 Ohio St.3d 78, 81, 1997-Ohio-310. "Unambiguous statutes are to be applied according to the plain meaning of the words used . . . and courts are not free to delete or insert other words." *Id*.

{¶ 16} In reviewing statutory text, we first read words and phrases in context and construe them according to rules of grammar and common usage. *State ex rel. Steele v. Morrissey*, 2004-Ohio-4960, ¶ 21. We give words their plain, ordinary meaning—unless the legislature has clearly expressed a contrary intention. *In re Application of 6011 Greenwich Windpark, L.L.C.*, 2019-Ohio-2406, ¶ 19.

## C. Analysis of R.C. 309.06(A)

{¶ 17} Upon a de novo review and a plain reading of all the language of R.C.

309.06(A), we find no error in the common pleas court's interpretation of the statute.

{¶ 18} As a reminder, the first paragraph of R.C. 309.06(A) states:

> On or before the first Monday in January of each year, the judge of the court of common pleas or, if there is more than one judge, the judges of the court of common pleas in joint session may fix an aggregate sum to be expended for the incoming year for the compensation of assistants, clerks, and stenographers of the prosecuting attorney's office.

{¶ 19} With respect to the first paragraph, by using the phrase "may fix," R.C. 309.06(A) unambiguously provides that the common pleas court judges' power to fix the aggregate sum for the compensation of the prosecutor's assistants is discretionary. That is, the judge or judges may fix an aggregate sum, or they may not. In statutory construction, the word "may" is construed as permissive while the word "shall" is construed as mandatory, unless there appears a clear and unequivocal legislative intent that these words receive a construction other than their ordinary usage. *State ex rel. Gilreath v. Cuyahoga Job & Family Servs.*, 2024-Ohio-103, ¶ 43. In R.C. 309.06(A), there is no language expressing a clear and unequivocal legislative intent that "may" should be interpreted contrary to its ordinary usage.[3]

{¶ 20} Moore agrees with the proposition that the judges' power to fix the aggregate sum is discretionary. Moore states in his appellant's brief, "the judges are not

---

3. The General Assembly is aware of how to draft a statute which makes the power to fix the compensation of a prosecutor's employees mandatory, rather than permissive. In R.C. 309.07, the General Assembly provided that:

> the prosecuting attorney may appoint secret service officers whose duty it shall be to aid him in the collection and discovery of evidence to be used in the trial of criminal cases and matters of a criminal nature . . . . The compensation of said officers **shall** be fixed by the judge of the court of common pleas, or, if there is more than one judge, such compensation shall be fixed by the judges of such court in joint session, and shall not be less than one hundred twenty-five dollars per month for the time actually occupied in such service nor more than seventy-five per cent of the salary of the prosecuting attorney for a year.

(Emphasis added.)

obligated to fix any amount, let alone any specific amount - and that is the discretionary nature [of] the right granted to the judges in R.C. 309.06(A)."

{¶ 21} Having conceded that the judges' power under the first paragraph of R.C. 309.06(A) is discretionary, Moore argues that pursuant to the second paragraph of R.C. 309.06(A), if the judges exercise their discretion to *not* fix an aggregate sum, then the payment of *any* public funds towards the prosecutor's assistants is an illegal use of public monies. We find that Moore's interpretation is not consistent with the text of the second paragraph of R.C. 309.06(A).

{¶ 22} Again, as a reminder, the second paragraph of R.C. 309.06(A) states:

> The prosecuting attorney may appoint any assistants, clerks, and stenographers who are necessary for the proper performance of the duties of his office and fix their compensation, not to exceed, in the aggregate, the amount fixed by the judges of the court of common pleas. The compensation, after being so fixed, shall be paid to the assistants, clerks, and stenographers biweekly from the general fund of the county treasury, upon the warrant of the county auditor.

{¶ 23} Moore focuses on the language "the prosecuting attorney may . . . fix their compensation, not to exceed, in the aggregate, the amount fixed by the judges of the court of common pleas." Effectively, he argues, this language means that the right of the prosecutor to fix any amount of compensation for his assistants is dependent upon the judges exercising their discretion and fixing an aggregate sum, whether it be $1 or $10,000,000. In other words, Moore believes that the statute operates such that if the judges fail to exercise their discretion and do not fix any aggregate amount, then the judges have effectively fixed an aggregate amount of zero dollars and the Board may not appropriate any amount to the prosecutor for the compensation of the prosecutor's assistants.

{¶ 24} But the statute does not say this. We disagree with Moore's interpretation

and find it contrary to the plain language of the statute. The language plainly provides that the prosecutor may appoint his assistants and also fix their compensation. The only limitation on this power is that the amount fixed by the prosecutor cannot "*exceed*" the amount fixed by the judges. That is, the limitation is focused on the *maximum* compensation the prosecutor can properly pay his assistants, with reference to the aggregate sum fixed by the judges. The statute does not state that the prosecutor may only fix his assistants' compensation, *so long as* the judges fix some aggregate sum. Thus, the language operates to limit the maximum compensation and does not operate to preclude the prosecutor's ability to fix *any* amount of compensation.

{¶ 25} The only scenario where the prosecutor is precluded from compensating his assistants under R.C. 309.06(A) is where the judges have exercised their discretion to fix an aggregate sum and the prosecutor has fixed compensation for his assistants that exceeds that aggregate sum. In such a case, the Board would have violated R.C. 309.06(A) by appropriating amounts in excess of the funds authorized by the judges.

{¶ 26} Moore argues that this interpretation ignores the phase "not to exceed, in the aggregate, the amount fixed by the judges of the court of common pleas." But this interpretation does not ignore those words. Instead, that part of the statute is simply inapplicable when the judges do not exercise their discretion, as they are permitted to do under the statute. Our interpretation of the statute—which is simply a reading of the plain text of the statute—does not render any provision of the statute meaningless, inoperative, or superfluous.

{¶ 27} Moore also argues that two Ohio Attorney General opinions, one issued in 1912 and one issued in 1933, support his interpretation of R.C. 309.06. Before analyzing those opinions, we note that "Attorney General opinions are not binding on courts; at best, they are persuasive authority." *State ex rel. Van Dyke v. Pub. Emp. Retirement Bd.*, 2003-

Ohio-4123, ¶ 40.  For the reasons that follow, we do not find the two attorney general opinions cited by Moore to be persuasive.

{¶ 28} In the 1912 opinion, a county prosecuting attorney had requested the attorney general's opinion on whether he could hire assistants to help with collecting various fees.  In opining that the prosecutor could hire such assistants, the attorney general pointed to Sections 2914 and 2915 of the General Code.  At the time, Section 2914 contained language that is very similar to that now found in the first paragraph of today's R.C. 309.06(A), and Section 2915 contained language that is very similar to that now found in the second paragraph of today's R.C. 309.06(A). The Attorney General opined:

> You will note that the judge of the court of common pleas of your county, on or before the first Monday in January in each year, should fix an aggregate sum to be expended for the incoming year for the compensation of assistants, clerks and stenographers of the prosecuting attorney's office.  After the amount is fixed by the common pleas judge, then, under authority of Section 2915 of the General Code, you have the right to appoint such assistants, clerks and stenographers as you deem necessary for the proper performance of the duties of your office; and under authority of said section you have the right to fix their compensation.  But the amount paid to your assistants, clerks and stenographers shall not exceed, in any one year, the aggregate amount fixed by the common pleas judge.

1912 Ohio Atty.Gen.Ops. No. 503.

{¶ 29} There are two reasons the 1912 opinion does not provide persuasive support for Moore's argument.  First, the 1912 opinion, in summarizing the former Section 2914, ignored the statute's language stating that the judge or judges "*may*" fix an aggregate sum for compensation for the prosecutor's assistants, and instead altered that language, stating that the judge or judge "should" fix an aggregate sum.  (Emphasis added.)  There was no support in the statutory text for the attorney general's alteration.

Second, while the 1912 opinion's language might be interpreted as suggesting that the prosecutor's right to appoint and compensate assistants under the former Section 2915 was conditioned on the judge or judges fixing an aggregate amount under the former Section 2914, the language of the opinion could also be read as merely stating the self-evident fact that "after" the judge or judges set the aggregate sum under the former Section 2914, the prosecutor could proceed with hiring assistants and setting their compensation under the former Section 2915, while not exceeding the already-fixed aggregate amount. That is, the 1912 opinion said nothing about the ability of the prosecutor to fix compensation for assistants if the judges do not fix an aggregate sum. We are not persuaded by the 1912 opinion.

{¶ 30} Next, Moore cites an Attorney General Opinion issued in 1933. But this second opinion merely reiterated that the judges have the right to fix the aggregate sum of compensation for the prosecutor's assistants, stating:

> It is clearly the intention of sections 2914 and 2915 that the judges of the Court of Common Pleas shall have the right to fix the maximum amount which may be expended for [the hiring of the prosecutor's assistants].

1933 Ohio Atty.Gen.Ops. No. 1175. The 1933 opinion does not support Moore's argument. Instead, it supports the common pleas court's interpretation of R.C. 309.06(A) in the case before us. The 1933 opinion merely recognized that (1) the statute gave the judges the "right" to fix a maximum amount of compensation (meaning it was a discretionary act) and (2) the "right" was to fix the *maximum* compensation, not the right to authorize any amount of compensation. We are not persuaded by the 1933 opinion.

{¶ 31} For these reasons, we find Moore's interpretation of the text of R.C. 309.06(A) and the attorney general opinions on which Moore relies to be unpersuasive. The plain text of R.C. 309.06(A) permits a prosecutor to hire and compensate assistants,

and only limits the prosecutor in one limited circumstance—that is, when the county common pleas judge or judges use their discretion to fix an aggregate sum. Moore's interpretation of the statute requires reading language into the statute that is not present. This we may not do. *Bailey v. Republic Engineered Steels, Inc.*, 2001-Ohio-236, ¶ 8; *Cleveland Elec. Illuminating Co. v. Cleveland*, 37 Ohio St.3d 50, paragraph three of the syllabus (1988).

{¶ 32} Moore also points to two canons of statutory construction, and argues that these canons support his interpretation of R.C. 309.06(A). First, Moore cites the canon of statutory construction stating that "the statute must be construed as a whole and each of its parts must be given effect so that they are compatible with each other and related enactments." *Brookwood Presbyterian Church v. Ohio Dept. of Edn.*, 2010-Ohio-5710, ¶ 26. Second, Moore cites the canon providing that courts "must give effect to every term in a statute and avoid a construction that would render any provision meaningless, inoperative, or superfluous." *Rhodes v. New Philadelphia*, 2011-Ohio-3279, ¶ 23. However, "[w]e do not look to the canons of statutory construction when the plain language of a statute provides the meaning." *Wayt v. DHSC, L.L.C.*, 2018-Ohio-4822, ¶ 23. Because the plain language of R.C. 309.06(A) is unambiguous, we need not consider the canons cited by Moore. *Id.*

{¶ 33} Finally, Moore cites case law providing that "[i]n case of doubt as to the right of any [public body] to expend public moneys under a legislative grant, such doubt must be resolved in favor of the public and against the grant of power." *State ex rel. A. Bentley & Sons Co. v. Pierce*, 96 Ohio St. 44 (1917), paragraph three of the syllabus. We need not apply this principle because, for the reasons described above, the plain text of R.C. 309.06(A) is unambiguous and authorizes a county prosecutor to fix the compensation of their assistants even when the county common pleas court's judge or judges do not fix

the maximum aggregate amount.

### D. The Board of Commissioners' Authority to Appropriate Funds to the Prosecutor's Assistants

{¶ 34} Moore makes another argument we must consider, separate from his arguments concerning the text of R.C. 309.06(A). Moore cites another statute, R.C. 325.17, and argues that this statute indicates that the Board has no power to appropriate public funds for the compensation of the prosecutor's assistants where the judges have failed to fix an aggregate compensation amount. That statute states:

> The officers mentioned in section 325.27 of the Revised Code may appoint and employ the necessary deputies, assistants, clerks, bookkeepers, or other employees for their respective offices, shall fix the compensation of those employees and discharge them, and shall file certificates of that action with the county auditor. The employees' compensation shall not exceed, in the aggregate, for each office, the amount fixed by the board of county commissioners for that office. When so fixed, the compensation of each such deputy, assistant, bookkeeper, clerk, and other employee shall be paid biweekly from the county treasury, upon the warrant of the county auditor. The amount of the biweekly payment shall be adjusted so that the total amount paid out to an employee over a period of one year is equal to the amount the employee would receive if the employee were paid semimonthly.

R.C. 325.17.

{¶ 35} Moore notes that R.C. 325.17 specifically empowers the Board to fix the maximum aggregate compensation amount for the "officers mentioned in section 325.27," and that R.C. 325.27 describes the "officers" as the following: "county auditor, county treasurer, probate judge, sheriff, clerk of the court of common pleas, county engineer, or county recorder." Moore contends that the exclusion of the prosecutor from the list of officers in R.C. 325.27, when viewed in combination with the specific power of the judges to set the aggregate amount as set forth in R.C. 309.06(A),

> compels the conclusion that the board of county commissioners do not possess that power vis-a-vis the county

- 14 -

prosecutor's office through the budgetary or appropriation process, or otherwise; instead, the explicit statutory power and authority to fix the aggregate compensation for the prosecutor's office is vested in the common pleas court judges.

{¶ 36} Again, we disagree. There is nothing in either R.C. 309.06(A) or 325.17 that expressly prohibits the Board from appropriating funds for the prosecutor's assistants, where the judges do not fix an aggregate sum under R.C. 306.09(A). There is no language that states that only the judges may authorize compensation for the prosecutor's office. The right of the judges under R.C. 309.06(A) is only to fix the maximum compensation that can be paid for the prosecutor's assistants.

{¶ 37} The fact that R.C. 325.17 only refers to the Board's power to set the aggregate compensation for the other county officers and does not expressly provide the power to set the aggregate compensation for the prosecutor's assistants is not surprising. It is logical that if the legislature wished to empower the common pleas judges to have the right to set the maximum compensation for the prosecutor's assistants, then they would not have also provided an equivalent power to a board of county commissioners in R.C. 325.17. Otherwise, the statutes would conflict.

{¶ 38} In any event, R.C. 309.06(A) expressly gives the prosecutor the ability to fix the compensation of his assistants: "*The prosecuting attorney may appoint any assistants, clerks, and stenographers who are necessary for the proper performance of the duties of his office and fix their compensation*, not to exceed, in the aggregate, the amount fixed by the judges of the court of common pleas." (Emphasis added.) This language provides a lawful basis for the Board to appropriate funds for the prosecutor's assistants and for the auditor to issue warrants for such payments.

{¶ 39} Moore has not challenged and in fact stipulated in the summary judgment proceedings that the respondents properly followed the procedures set forth in R.C.

5705.01 et seq. regarding budgeting expenses, appropriating necessary funds, and certifying the funds as available for the compensation of the Warren County Prosecutor's assistants, clerks, and stenographers for both 2022 and 2023. And because the respondents followed these procedures, the appropriation to compensate the prosecutor's assistants was lawful. And as the judges did not fix a maximum compensation for 2022 and 2023 for the prosecutor's assistants, the respondents' actions could not have violated R.C. 309.06(A).

**{¶ 40}** For the foregoing reasons, we find no merit to Moore's claims. We overrule Moore's sole assignment of error.

**{¶ 41}** Judgment affirmed.

S. POWELL, P.J., and M. POWELL, J., concur.